## TRADERS' & GENERAL INS. CO. v. NUNLEY.

### No. 4363.

Court of Civil Appeals of Texas. Amarillo.
Feb. 25, 1935.

Rehearing Denied March 25, 1935.

Collins & Fairchild, of Lufkin, R. O. Kenley, Jr., of Longview, and Lightfoot & Robertson, of Fort Worth, for appellant.

Caldwell, Gillen, Francis & Gallagher, of Dallas, for appellee.

JACKSON, Justice.

This case arose under the Workmen's Compensation Law of this state (Vernon's Ann. Civ. St. art. 8306 et seq.)

The appellee obtained a judgment in the district court of Gregg county against the appellant. No complaint is made of the statement of the jurisdictional facts or the cause of action as alleged by appellee.

Appellant answered by general demurrer and general denial.

The issues found by the jury material to a disposition of this appeal are, in effect, that appellee had been permanently and totally incapacitated by injuries he received February 6, 1933, in the course of his employment with the East Texas Oil Refining Company, that his average wage was $4 per day, and that he was entitled to a lump sum settlement.

On these findings the court decreed that appellee recover of appellant $4,699.07, with interest at the rate of 6 per cent. per annum from the date of the judgment.

The appellant presents as error the action of the court in refusing to direct a verdict in its behalf, claiming the uncontroverted testimony showed that at the time of the injury appellee was not performing any services for his employer and was not injured in the course of his employment.

The testimony shows that the East Texas Oil Refining Company was constructing a pipe line out some fourteen miles from the town of Longview. In laying the line the company used approximately thirty men. They resided in the town and their pay began at 7 a. m., they had one hour off for noon, and quit at 5 p. m. The men, including appellee, were directed by the foreman of the company to meet each morning at the Dixie Service Station in Longview and, if they desired, ride out to the job with Mr. Saulsbury. Mr. Saulsbury owned a Ford truck and trailer, and he, with both machines, was employed to haul pipe and tools and the men to and from the job. His pay began at 6 a. m. and ended at 6 p. m. He was instructed to go to the Dixie Service Station in the morning, get the men who desired to ride on his truck, and haul them to the job, return them to town at night, and drive carefully and avoid injuring anybody. On the morning of February 6th he went to said station with his truck and trailer and got about thirty men, one of whom was the appellee, and on the way to the job had a

wreck, which occurred shortly after 7 a. m., and appellee received the injuries complained of. The appellant paid the hospitalization bill and doctors' fees for the appellee.

Article 8309 (Vernon's Ann. Civ. St.) provides: "The term 'injury sustained in the course of employment,' as used in this law, shall not include: * * * but shall include all other injuries of every kind and character having to do with and originating in the work, business, trade or profession of the employer received by an employee while engaged in or about the furtherance of the affairs or business of his employer whether upon the employer's premises or elsewhere."

In Lumberman's Reciprocal Association v. Behnken, 112 Tex. 103, 246 S. W. 72, 73, 28 A. L. R. 1402, Judge Greenwood says: "An injury has to do with, and arises out of, the work or business of the employer, when it results from a risk or hazard which is necessarily or ordinarily or reasonably inherent in or incident to the conduct of such work or business."

In Kirby Lumber Co. v. Scurlock, 112 Tex. 115, 246 S. W. 76, 78, the same learned jurist said: "We do not regard it as a matter of moment in arriving at a correct decision whether the employer had expressly obligated itself to furnish Scurlock the tramroad as a means of access to, and of exit from, the sawmill, or whether Scurlock held a mere implied revocable license to use the tramroad, granted by the employer to facilitate its business. In either event, Scurlock had the right or privilege to use the tramroad. In either event, his right or privilege was derived solely from his contract of employment. In either event, his right or privilege was an incident of his employment. In either event, in making use of the tramroad, Scurlock was performing a duty of his employment. In either event, his use of the premises facilitated his employer's business in making surer his prompt attention to so much of the employer's work as he was obligated to perform. In either event, his injury was the proximate result of a danger inherently and necessarily incident to the conduct of the master's business. In either event, the place where he was injured was a part of the employer's premises, intended for his use as a means of going to and from his work."

In Federal Surety Co. v. Ragle (Tex. Com. App.) 40 S.W.(2d) 63, 65, Judge Sharp, after reviewing numerous authorities, concludes: "Neither was it necessary that appellee should have been at the time discharging some specific duty required by his employment. It was sufficient that he was at the time engaged in doing something incident to his employment."

In view of the facts and the authorities, we are of the opinion that the testimony is amply sufficient to sustain the finding of the jury that appellee received his injury in the course of his employment.

■ The appellant urges as error the action of the court in refusing, over its objection to the charge, to inform the jury the meaning of the word "employee" as used therein, because the word is a legal term defined in the Workmen's Compensation Law.

The court in his charge informed the jury that "injuries sustained in the course of his employment" means "injuries of every kind and character having to do with and originating in the work, business, trade and profession of an employer, received by an employee while engaged in or about the furtherance of the affairs or business of an employer."

As defined in the compensation statute, "'employee' shall mean every person in the service of another under any contract of hire, expressed or implied, oral or written * * * except one whose employment is not in the usual course of trade, business, profession or occupation of his employer." Article 8309.

The testimony is undisputed that appellee was an "employee" of the East Texas Oil Refining Company. The controversy was whether he had received his injuries in the course of his employment.

Article 2189, R. C. S., provides, among other things: "In submitting special issues the court shall submit such explanations and definitions of legal terms as shall be necessary to enable the jury to properly pass upon and render a verdict on such issues."

Inasmuch as the issue of whether the appellee was an employee was not questioned, the court did not commit reversible error in refusing appellant's request to define "employee." Fidelity & Casualty Co. of New York v. Branton (Tex. Civ. App.) 70 S.W.(2d) 780; Texas Indemnity Ins. Co. v. Smith (Tex. Civ. App.) 73 S.W.(2d) 578.

■■ In special issues the court submitted whether the injuries of appellee resulted in total incapacity, and, if so, was such incapacity permanent? In connection therewith, he instructed the jury, if these issues were answered "yes," not to answer the subsequently submitted issues relative to partial incapac-

ity or the temporary or permanent nature thereof.

The jury found total and permanent incapacity, but also answered that appellee suffered 75 per cent. partial incapacity which was permanent.

When the findings were returned, the court discovered the conflict, and in a written supplemental charge, after reciting in effect the conflicting answers, continued: "You are instructed that a person cannot be totally and partially incapacitated at the same time. If the plaintiff was totally and permanently incapacitated he could not be partially incapacitated to any extent for any period of time. Stating it the other way (meaning the same thing), if the plaintiff was partially incapacitated to any extent for any period of time, he could not be totally incapacitated for such period of time. The court does not desire to indicate how you shall answer the special issues, but only to point out the conflict in your answers, so, as stated, in the main charge, you must answer the special issues as you find the facts to be, but you will retire to your room and reconcile your answers."

To this action of the court the appellant filed the following written objections:

"(1) That said jury had already deliberated and made their findings on the main charge and the Court should have discharged the jury and declared a mistrial of said cause.

"(2) That said supplemental charge was directory and prejudicial to defendant in that it instructed the jury as to the result of their answers to said issues that were conflicting."

The appellant did not object because the charge pointed out the conflicts, or that it was a general charge, or that it was on the weight of the evidence.

Assignments not based on objections to the charge do not require consideration. Isbell et al. v. Lennox et al., 116 Tex. 522, 295 S. W. 920. Hence we consider only the assignments based on the objections urged to the charge, and such assignments do not, in our opinion, disclose reversible error.

■ "We suggest the trial courts may avoid reversals in many instances by calling the attention of the jury to a failure to find on material issues where their answers may be conflicting. Under such circumstances, as we understand, it is made the duty of the trial court, by statute (Rev. St. art. 1981) to call the jury's attention thereto and send them back for further deliberation." Mayo v. Fort Worth & D. C. Ry. Co. (Tex. Civ. App.) 234 S. W. 937, 938.

■ "In cases submitted on special issues, as here, judgment is not based on any single finding, but upon the entire finding of the jury, and where there is an apparent conflict in the findings on issues submitted, judgment may not be entered until the conflict is removed by the jury. * * *

"The court was not in error in sending the jury back for further deliberation. The court would not have been in error to have indicated to the jury the defect in the verdict, if there was no intimation by the court as to what the finding should be, which the record sufficiently shows was not done." Petroleum Cas. Co. v. Bristow (Tex. Civ. App.) 35 S.W. (2d) 246, 250.

■ The jury retired with this supplemental instruction, and thereafter returned into court with their verdict, from which they had eliminated the issues pertaining to partial incapacity. This, we think, the court correctly accepted as a basis for the judgment rendered.

■ The appellant challenges as error the action of the court in refusing this requested issue: "Was the transportation of the plaintiff from the town of Longview out to the work, furnished plaintiff by the East Texas Oil Refining Company as a part of his pay or compensation for any services to be performed by plaintiff for the East Texas Oil Refining Company?"

The appellee alleged that, in connection with his work, the employees of the company, including himself, were transported by truck back and forth daily from Longview to the location of the pipe line.

The testimony shows without dispute that Mr. Saulsbury, who owned his truck and trailer, was an employee of the East Texas Oil Refining Company, and by its request and under its directions daily transported the laborers, together with appellee, to and from their work. In our opinion, the issue requested was immaterial. Federal Surety Co. v. Ragle, supra; Kirby Lumber Co. v. Scurlock, supra; Jones et al. v. Casualty Reciprocal Exchange (Tex. Civ. App.) 250 S. W. 1073.

The judgment is affirmed.