DALLAS RAILWAY & TERMINAL COMPANY V. G. C. STARLING.

No. 6983. Decided December 8, 1937.
(110 S. W., 2d Series, 557.)

*Worsham, Rollins, Burford, Ryburn & Hincks,* and *J. M. Burford,* all of Dallas, for plaintiff in error.

It was error for the court to give a charge to the jury which would inform them of the effect of their answers to special issues. Kempner v. Police & Firemen's Ins. Assn., 48 S. W. (2d) 254; Humble Oil & Ref. Co. v. McLean, (Com. App.) 280 S. W. 557; Northern Texas Trac. Co. v. Wright, 62 S. W. (2d) 624; City of Dallas v. Maxwell, (Com. App.) 248 S. W. 667.

*Carden, Starling, Carden & Hemphill,* of Dallas, for defendant in error.

The reply delivered by the court to a question submitted by the jury was not a general charge. It was a correct written reply made in the manner provided by law, and did not inform the jury as to what effect their answers would have on the question of whether plaintiff would lose or benefit thereby, and it was not error for the court to answer said question as he did. St. Louis S. W. Ry. Co. v. Larkin, 34 S. W. (2d) 693; Traders & General Ins. Co. v. Nunley, 80 S. W. (2d) 383; Petroleum Casualty Co. v. Bristow, 35 S. W. (2d) 246.

MR. JUDGE HICKMAN delivered the opinion of the Commission of Appeals, Section A.

In the trial court Starling was awarded judgment against the railway company for damages sustained as the result of a collision between an automobile owned and operated by him and a street car owned and operated by it. The case was affirmed by the Court of Civil Appeals. 84 S. W. (2d) 524. A careful consideration of the record has convinced us that the opinion of the Court of Civil Appeals properly disposed of every contention presented by the railway company. We approve its holdings, but because of a different method of reasoning on one question presented we deem it advisable to write upon that question. Further writing on the other questions would add nothing to what has been written by that court. It can not be said that

Starling's own negligence proximately contributed to cause the collision as a matter of law, and a restatement of the record supporting that conclusion would hardly be justified.

On the question of contributory negligence of the plaintiff the court submitted, among other issues, the following:

"SPECIAL ISSUE NO. 19.

"Do you find from a preponderance of the evidence, that the Plaintiff failed to exercise ordinary care for his own safety in reference to the speed at which he approached the street intersection in question? Answer this question 'yes' or 'no.'

"ANSWER: Yes.

"If you have answered Special Issue No. 19 'no,' then you need not answer Special Issue No. 20; if you have answered Special Issue No. 19 'yes,' then you will answer:

"SPECIAL ISSUE NO. 20:

"Do you find from a preponderance of the evidence, that the failure, if any you have found, of plaintiff to exercise ordinary care for his own safety in reference to the speed at which he approached the street intersection, proximately caused or proximately contributed to cause the collision in question? Answer this question 'yes' or 'no.'

"ANSWER: No."

The case was submitted to a jury on Friday, about 2 P. M. It deliberated the remainder of that day, all day Saturday and was then excused until Monday. About 1 P. M. of that day the jury, through the officer in charge, transmitted to the court a written communication reading as follows:

"Would it be contradictory to answer No. 19 'yes' and to answer No. 20 'no'?"

Upon receipt of its written request the court had the jury brought into open court and, over the objections of the attorneys for the railway company, in open court charged the jury in answer to said question by reading and delivering to it the following writing:

"Gentlemen: I have your question: 'Would it be contradictory to answer No. 19 "yes," and to answer No. 20 "no"?' It would not be contradictory."

The bill of exception preserving this matter recites that the following objections were made:

" * * * The defendant objected to the Court answering said question on the ground that it was improper to answer it at all, that it was improper and unnecessary to answer said question, as it was not proper information for the jury to receive, and

further objected to any instruction or communication by the Court to the jury. * * *.

"The defendant at the time objected to the court's giving any charge to the jury in reply to said question, on the ground that it was improper to charge the jury on said matter; that it was unnecessary for the jury to be charged on said matter in order to answer Issue No. 20 from a preponderance of the evidence, the only thing the jury had the right under the law to consider in answering Issue No. 20, and on the ground that the charge delivered was a general charge and informed the jury of the effect of their answers to Issues Nos. 19 and 20, * * *."

■ In its opinion the Court of Civil Appeals indicated its views to be that the court erred in answering the query at all, but held that the error was harmless. It is our opinion that no error was committed by the trial court.

■ By a long line of decisions it has been established that a trial judge not only has the power and authority to decline to receive a verdict of a jury containing conflicting findings, but that it is his duty upon discovering such conflict or conflicts to point them out and retire the jury for further consideration of their answers. The appropriate procedure was outlined in the case of St. Louis, S. F. & T. Ry. Co. v. Kaylor, (Com. App.) 291 S. W. 216, in this language:

"Trial courts should, in a preliminary way, read proposed answers being returned by juries to special issues. If a conflict is discovered by the court, he should state to the jury that the answers are conflicting and, in their present status, would not warrant an entry of any judgment in the case. With that information, the jury should be retired for further consideration of the issues and their answers thereto. But the court should not indicate to the jury, or permit counsel to do so, that it would be to the interest of one of the parties to have a certain issue answered in a certain way."

The opinion quotes with approval language of similar import from a prior decision of this section of the Commission of Appeals in the case of Wichita Valley Ry. Co. v. Southern Casualty Co., 284 S. W. 940. Among other decisions of like effect may be noted the following: Denison Cotton Mill Co. v. McAmis, 176 S. W. 621 (reversed on other grounds, 215 S. W. 442); Turner v. Missouri, K. & T. Ry. Co. of Texas, 177 S. W. 204 (error refused); Mayo v. Fort Worth & D. C. Ry. Co., 234 S. W. 937 (error dismissed); St. Louis Southwestern Ry. Co. v. Larkin, 34 S. W. (2d) 693 (error dismissed); Petroleum Casualty Co.

v. Bristow, 35 S. W. (2d) 246 (error dismissed) ; Traders & General Ins. Co. v. Nunley, 80 S. W. (2d) 383 (error refused).

It is provided by statute that the jury may ask for further instructions. Arts. 2197 and 2198. If it is not improper for the court, after receiving a verdict and discovering a conflict therein to point out that conflict, charge the jury with reference thereto and send it back for further deliberation, it is not improper to grant a request properly presented by the jury for an instruction as to whether said answers would be contradictory. A charge given before a verdict is returned could be no more harmful than the same charge given after a verdict has been returned. Every objection to one could be urged against the other. The charge in nowise informed the jury how the questions should be answered or indicated to the jury the court's views with reference thereto. It left the jury free to answer the issues in accordance with their views of the evidence. It would appear that the jury had concluded, from a consideration of the evidence, that issue No. 19 should be answered "yes" and issue No. 20 "no," but desiring to return a verdict which would not be contradictory on its face determined to submit that question to the court prior to returning it. The charge did not misstate the law, as claimed by the railway company, for there was no contradiction in the answers. It was not a prohibited general charge given in a case submitted on special issues, but was a permissive expository charge.

The judgments of the trial court and the Court of Civil Appeals are both affirmed.

Opinion adopted by the Supreme Court December 8, 1937.