## TEXAS EMPLOYERS' INS. ASS'N v. CROSBY.

### No. 10473.

Court of Civil Appeals of Texas. San Antonio.

Nov. 16, 1938.

Rehearing Dismissed Jan. 19, 1939.

Dyer & Sorrell, of Corpus Christi, for appellant.

H. K. Stanfield, of Corpus Christi, and Chas. J. Lieck, of San Antonio, for appellee.

SMITH, Chief Justice.

This is a Workmen's Compensation case, in which Charles A. Crosby was the employee, Potter Pipe Line Company, the subscriber, and Texas Employers' Insurance Association, the insurance carrier. Crosby recovered a lump sum of $5917.57, and the Insurance Association has appealed. They will be referred to herein as plaintiff and defendant, respectively.

The defendant's chief complaint, presented in its propositions 1, 2, 3, 4 and 5, is that the evidence did not warrant the jury finding that plaintiff was acting within the scope of his employment by the subscriber at the time he was injured, and, therefore, was not entitled to compensation from the insurance carrier. We overrule those propositions. Without setting out the voluminous testimony, we hold that it was sufficient to make that issue one of fact, and that the jury's finding thereon was binding upon the trial court, as it is upon this Court.

The jury's findings negatived any basis for fixing plaintiff's rate of compensation under subsections 1 and 2 of § 1, Art. 8309, R.S.1925, but found in the alternative, under subsection 3, that a weekly wage of $30 was fair and just to both parties. There was evidence to sustain this finding, but the trial judge required plaintiff to file a "remittitur" of $2 from that amount, to make it $28 per week. Defendant complains of this incident. We seriously doubt if it is within the province of courts to require or accept a remittitur in such a case, but perceive no harm which could have resulted to defendant by reason of the incident in this case. Defendant's complaint is reflected in its sixth proposition of law, that "Having found that the wage rate, as found by the jury, was an arbitrary finding, not based on any evidence in the record, the trial court erred in ordering a remittitur of $2.00 per week, and could only set aside the verdict and grant a new trial." In the assignment of error to which the proposition purports to be germane the complaint is that the jury's finding of $30 per week was "arbitrary" and not supported by evidence, and that the court erred in requiring the remittitur and "revising" the judgment downward to the remittitur. As has been stated, the evidence warranted the finding

of $30 per week; it was sufficient to have sustained a finding of more than that amount per week. Under that particular and peculiar subdivision of § 1, Art. 8309, the jury has a broad discretion in fixing the amount of weekly wage; they are not bound by any specific amount or estimate indicated by testimony; they may survey and appraise all the evidence upon the point, and hit upon any sum which to them seems fair and just alike to employee and insurer, and the courts will not disturb their finding unless it is clearly unreasonable. The finding here was not within the prohibition, and the trial judge exceeded his discretion in disturbing it. But his act operated against plaintiff, who does not complain, rather than defendant, who will not be heard to complain. The error did not injure defendant, and its sixth proposition will be overruled.

■ In its seventh proposition defendant complains of argument made to the jury by plaintiff's counsel. It first appears that plaintiff's counsel admonished the jury to be very careful in making their answers to special issues on total and partial, and permanent and temporary, incapacity, explaining that a person may not be both totally and partially incapacitated or permanently and temporarily incapacitated, at the same time. Counsel went further and indicated that they wished the jury to return affirmative answers to the issues of total and permanent incapacity, and negative answers to the issues of partial and temporary incapacity. Defendant did not object to this argument at the time it was made, or until it moved for new trial, when it raised the objection that the argument informed the jury of the legal effect of their answers to special issues submitted to them. We are of the opinion that the objection does not present reversible error. Legally, total and partial incapacity cannot concur, nor can permanent and temporary incapacity, and yet the loose and more or less general assumption, at least among laymen, that total incapacity includes partial, and permanent, temporary, sometimes leads juries to conflicting findings upon those issues, requiring trial courts to reject such verdicts and retire juries with instructions to further consider the issues and reconcile the conflicts. Maryland Cas. Co. v. Brown, Tex.Civ.App., 110 S.W.2d 130; Traders & General Ins. Co. v. Nunley, Tex.Civ.App., 80 S.W.2d 383; Commercial Cas. Ins. Co. v. Strawn, Tex. Civ.App., 44 S.W.2d 805. We do not think it was prejudicial error for counsel to warn

the jury against the pitfall. If the jury had fallen into it, the trial judge would have been obliged to reject their verdict, advise them of the conflict, direct them to retire and further consider their answers, and reconcile the conflicts. It would have been reversible error, of course, for the judge to indicate to them how they should answer either issue, but perfectly natural and proper for counsel, in his argument before the jury, to indicate to them the answers he preferred. As a matter of course, counsel for plaintiff believed, and we think he was privileged to urge the jury to find upon the evidence, that plaintiff's disability was total and permanent, and neither partial nor temporary. Counsel may always, with propriety, in special issue cases, advise the jury how, in his opinion from the evidence, the issues should be answered—that certain issues should be answered yes and others no—so long as he does not go further and tell them what effect such answers would have upon the ultimate judgment to be rendered in the case. We overrule appellant's seventh proposition.

■ In his opening argument, and as a part of his discussion upon the issue of the lump sum award, one of plaintiff's counsel made the statement to the jury: "I tell you, gentlemen, that a man in debt like that, and he owed a five hundred dollar doctor bill, is certainly in a hardship, if you gentlemen do not give him his money. He also told you that he could take his money, and his wife is thrifty, and invest this money and make a living and that is what he wants to do and I do not see anything wrong about it. If you pay his money by weekly compensation, which is low, according to their argument to you—I ask you for the 401 weeks total disability."

Defendant, at that time, objected to the argument "for the reason that the statement about the 401 weeks was a statement of law and not a matter which should go to the jury and a matter that should not go to the jury."

In response to the objection the trial judge admonished the jury as follows: "Gentlemen, counsel has objected to that statement as to 401 weeks and you will not consider that for any purpose whatsoever or let it influence you in any manner."

The bill of exceptions showing this transaction was qualified by the trial judge, whose explanation of the incident, together with his emphatic admonition to the jury to disregard the argument, convinces this

court that even if technical error is shown by the bill, it could not possibly have resulted in any injury to defendant. We overrule defendant's eighth proposition, in which this question is presented.

The judgment is affirmed.

### On Motion for Rehearing.

Pending appellant's motion for rehearing the parties have agreed upon a settlement of the matters in controversy in this suit, thereby rendering said motion moot. Accordingly, upon joint motion of the parties, appellant's motion for rehearing will be dismissed, and the clerk of this Court is directed to issue mandate forthwith upon payment of the costs of appeal, which will be taxed against appellant.