**UNITED EMPLOYERS CASUALTY CO. v. SUMMEROUR.**

No. 2283.

Court of Civil Appeals of Texas. Waco.

May 1, 1941.

Rehearing Denied May 22, 1941.

———◆———

Scott & Wilson, of Waco, Will R. Saunders and Henry D. Akin, both of Dallas, and Sam Holliday (on appeal only), of Houston, for plaintiff in error.

George Clark and F. R. Valentine, both of Waco, for defendant in error.

TIREY, Justice.

This is a workmen's compensation case. Appellee brought this suit to set aside an award of the Industrial Accident Board, wherein United Employers Casualty Company, appellant, was ordered to pay appellee $8.31 per week for 52 consecutive weeks from September 16, 1938, for total incapacity. Appellee sued for compensation for total and permanent disability and alleged that he was entitled to have the appellant redeem its liability in a lump sum. The cause was tried to a jury and it returned a verdict upon special issues favorable to appellee. The jury made no finding as to the average weekly wage of appellee. The court, in its judgment, found that appellee's average weekly wage and compensation insurance should be fixed and computed on the basis of the minimum weekly wage rate of $7 per week, and entered judgment in favor of appellee against appellant for a lump sum calculated at said rate, after deducting 8 weeks' compensation insurance computed at a weekly wage rate of $7.92, theretofore paid to appellee. The United Employers Casualty Company

perfected this appeal by writ of error, but for convenience we will refer to the parties as "appellant" and "appellee."

The first proposition complains of the court's failure to give an instructed verdict in appellant's favor, because there was no evidence of any probative force offered before the jury of any contract of insurance issued by the defendant, since the notice that the employer had become a subscriber was only offered before the court in the absence of the jury for jurisdictional purposes. Appellee pleaded substantially that the policy of workmen's compensation insurance had been issued and delivered to his employer (Cooper Manufacturing Company) by the Southern Underwriters, and that thereafter appellant entered into a contract in writing with the Southern Underwriters, whereby it assumed all obligations and liabilities of the Southern Underwriters on the policy theretofore issued by it to his employer; that appellant issued a certificate of assumption to his employer to be attached to the said policy of insurance, and appellant was put on notice to produce the policy of insurance and the contract of assumption upon the trial. Appellee introduced for jurisdictional purposes before the court a certified copy of the notice that the employer had become a subscriber. This notice showed that the Southern Underwriters had issued a policy of workmen's compensation insurance for the benefit of the employees of the Cooper Manufacturing Company, effective December 15, 1937, to December 15, 1938. It is undisputed that appellee sustained his injuries on September 16, 1938. Appellant did not deny the issuance of the covering policy under oath. A certified copy of notice that the employer had become a subscriber is prima facie proof of such fact unless denied under oath. See Art. 8307, sec. 5, as amended 1931, Vernon's Annotated Civil Statutes; Traders & General Ins. Co. v. Jaques, Tex.Civ.App., 131 S.W.2d 133, dismissed Correct Judgment, point 1, page 134. Appellee also introduced in evidence certified copy of the contract dated July 20, 1938, entered into between Southern Underwriters and appellant, under which appellant took over the assets of the Southern Underwriters and assumed all of the liabilities and obligations of the Southern Underwriters under the policies of workmen's compensation insurance. This instrument was introduced before the court and not read to the jury, but was in-

troduced without any limitation as to its purpose. The evidence was uncontroverted that appellee had received eight weeks of compensation insurance at $7.92 per week. Appellee testified that he had gone, at the suggestion of the insurance company, to Dr. Chas. Collins for an examination, and Dr. Collins, while on the witness stand, testified that he had examined appellee, who was an employee of the Cooper Manufacturing Company, for the account of the insurance company. He did not give the name of the company. Appellee testified substantially that he was an employee of the Cooper Manufacturing Company and that while he was engaged in the discharge of his duties as employee, he sustained the injuries in question. All of the above testimony was in no sense controverted. We think the evidence is ample to establish the existence of the policy of insurance covering compensation for the injuries sustained, and this assignment is therefore overruled. Southern Underwriters v. Wright, Tex.Civ. App., 125 S.W.2d 1079; Maryland Casualty Co. v. Donnelly, Tex.Civ.App., 50 S.W. 2d 388; Texas Employers' Ins. Ass'n v. Trotter, Tex.Civ.App., 54 S.W.2d 1023; Traders & General Ins. Co. v. Lincecum, Tex.Civ.App., 81 S.W.2d 549; Traders & General Ins. Co. v. O'Quinn, Tex.Civ.App., 111 S.W.2d 859; Millers' Indemnity Underwriters Co. v. Boudreaux, Tex.Civ.App., 245 S.W. 1025; Id., Tex.Com.App, 261 S. W. 137.

Appellant's tenth proposition is: "The trial court erred in instructing the jury that its answer 'Yes' to special issue No. 4, inquiring whether such injury was the producing cause of total incapacity to work on the part of the plaintiff conflicted with the answer of the jury 'No' to special issue No. 20 of the court's main charge, inquiring whether the plaintiff's incapacity to labor at the present time is not confined solely to a partial incapacity, over the objection of the defendant, because such instruction was clearly subject to the objection timely interposed thereto by the defendant that there was no conflict between the findings of the jury in answer to special issues 4 and 20, but the same are capable of reconciliation and said answer to special issue No. 20 is a finding for the defendant on a defensive matter which it was entitled to have submitted to and passed upon by the jury regardless of the finding of the jury on the issue of total incapacity." This assignment is not properly before us,

because the instruction given by the court to the jury and here complained of was not brought forward and shown in the transcript. The only reference thereto in the record, other than the assignment in the motion for new trial, is the written objections to the charge and the court's order overruling the same, which are shown by bill of exception. District Court Rule No. 54 provides: "The charges of the court that are given, and those asked that are refused, when signed by the judge and filed by the clerk, being made thereby a part of the record by statute, should not, in civil causes, be made a part of the bill of exceptions." All that we know from the record is that the jury's answer to special issue No. 20, as originally returned into court, was in conflict with its answers to issues Nos. 4, 6, 7, 8, 10, and 11; and it was the duty of the court to point out such conflicts and retire the jury for further consideration of its verdict. Art. 2207, Vernon's Annotated Civil Statutes; Dallas Ry. & Terminal Co. v. Starling, 130 Tex. 379, 110 S.W.2d 557, point 2, page 559; Southern Underwriters v. Kelly, Tex.Civ. App., 110 S.W.2d 153, point 6, error dismissed. Appellant having failed to have the court's instruction brought forward in the record, it is impossible for this court to tell from the record what instruction was given by the trial court. Appellant had the burden of presenting a record to this court disclosing error. Uvalde Construction Co. v. Joiner, 132 Tex. 593, 126 S.W.2d 22, point 3, page 24. Therefore, this assignment is not properly presented and is therefore overruled. Court of Civ.Apps. Rules Nos. 24 and 25; McBurnett v. Smith & McCallin, Tex.Civ.App., 286 S.W. 599, point 8 page 603.

The eleventh proposition is substantially that it was error for the trial court to disregard the findings of the jury on the question of the rate of compensation and substitute its own finding therefor without a motion for judgment non obstante veredicto, since the jury made no proper finding on such necessary element of recovery. We overrule this contention. It is true that the jury in its verdict found that appellee had worked in such employment for substantially a year, and that there was such an employee who had been engaged in the same or similar employment in the same or a neighboring place for substantially the whole of the year preceding the date appellee was injured. It further found that appellee received a daily wage of $2.20. The jury, having made the above findings in answer to the special issues submitting the above facts to it, pursuant to the instruction of the court, did not answer the special issue submitting to it the average weekly wage of appellant that would be just and fair to both parties. The appellant, in its brief, admits that there was no evidence to support the findings of the jury that plaintiff had worked in the same employment for substantially the whole of the year immediately preceding his injury, or the finding of the jury that another employee of the same class had worked for substantially the whole of such year in the same or similar employment in the same or a neighboring place, but asserts that the trial court lacked inherent power to set aside such findings of the jury and disregard same in the absence of a motion for judgment non obstante veredicto, as provided in Art. 2211, Vernon's Annotated Civil Statutes. This exact question has been decided adversely to appellant. In the case of Federal Underwriters Exchange v. Cost, 132 Tex. 299, 123 S.W.2d 332, point 8, page 337, it is said: "The compensation awarded defendant in error by the judgment was calculated at the minimum rate of $7 per week. Section 10 of Article 8306, Revised Civil Statutes of 1925, provides that while the incapacity for work resulting from injury is total, the insurer shall pay the injured employee a weekly compensation equal to sixty per cent of his average weekly wages, but not more than $20 nor less than $7. Had there been an issue submitted to the jury as to the average weekly wages of defendant in error, the compensation awarded by the judgment, whatever the jury might have answered as to the amount of average weekly wages, could not have been less than the minimum fixed by the statute. Plaintiff in error is not injured by the absence of the jury finding." It is well settled that any error in the manner of determining average weekly wage in compensation cases is rendered harmless when a judgment for total and permanent incapacity is awarded on the basis of the statutory minimum of $7 per week. Casualty Reciprocal Exchange v. Cain, Tex.Civ. App., 63 S.W.2d 237; Texas Employers' Ins. Ass'n v. Kelly, Tex.Civ.App., 56 S.W. 2d 1108, par. 2, page 1110; Fidelity & Casualty Co. v. Branton, Tex.Civ.App., 70 S.W.2d 780, points 6–7, page 783; Texas

Employers' Ins. Ass'n v. Beckworth, Tex. Civ.App., 42 S.W.2d 827, writ dismissed.

We have carefully considered each of the other eight propositions raised by appellant, and we find that each has been definitely settled, in an unbroken line of decisions, adversely to the contentions made by appellant.

The judgment of the trial court is affirmed.