GALE LOWRANCE V. MRS. R. KENWORTHY.

No. 7734. Decided January 7, 1942.
(157 S. W., 2d Series, 879.)

*Mike Anglin,* of Longview, for appellant.

*Mampden Spiller,* of Fort Worth, and *Cecil C. Rotsch,* both of Fort Worth, for appellee.

MR. PRESIDING JUDGE SMEDLEY delivered the opinion of the Commission of Appeals, Section B.

The Court of Civil Appeals for the Second Supreme Judicial District has certified to this court two questions relating to argument of counsel in the trial in county court of a suit appealed from justice court.

The suit is for damages done to appellee Mrs. Kenworthy's automobile in a collision with a truck driven by appellant Lowrance. The trial court submitted the usual issues as to negligence of the defendant and contributory negligence of the plaintiff and also an issue inquiring whether the collision was the result of an unavoidable accident. All issues relating to negligence were answered favorably to plaintiff and the jury found that the collision was not the result of an unavoidable accident. Judgment was rendered in favor of plaintiff against defendant for $180.05.

In his argument to the jury counsel for plaintiff made the following statement: "If you find that the defendant is guilty of negligence, then answer the special issue that it was an unavoidable accident, it will be a conflict and a mistrial." Defendant objected to the argument for the reason that "it is informing the jury the effect of their answer and the legal effect of their answers and informs them the effect their answers will have against the defendant," and requested the court to instruct the jury not to consider the remark. The objection was overruled and the request denied.

The Court of Civil Appeals held that while counsel had the right to tell the jury that the answers would be conflicting, there was reversible error in the added statement that conflict in the

findings would result in a mistrial. Pending action upon motion for rehearing, however, that court certified these two questions:

"(1) Did counsel for the plaintiff commit reversible error when he told the jury that, if they found the defendant guilty of negligence and then answered the special issue that it was an unavoidable accident, the answers would result in a conflict?

"(2) Did such counsel commit reversible error when he told the jury that the findings referred to in Question One, supra, would result in a mistrial?"

■ In our opinion the argument was nothing more than a warning against the making of conflicting findings. It did not inform the jury of the effect their answers would have upon the judgment to be rendered in favor of one party or the other and it was not so made as to cause the jury first to agree upon a result desired to be accomplished in favor of one of the parties and then designedly make answers to accomplish that result. Counsel did not say that conflict should, or could, be avoided by anwsering that the defendant was negligent and that the collision was not the result of unavoidable accident. The statement made was that findings that the defendant was guilty of negligence and that the collision was an unavoidable accident would be conflicting and would cause a mistrial. Thus warned, the jury were left free to answer the issues in accordance with their views of the evidence and in so doing could avoid the making of conflicting answers, either by finding that the defendant was guilty of negligence and that the collision was not the result of an unavoidable accident or by finding that the defendant was not guilty of negligence and that the collision was the result of an unavoidable accident.

■ It is well settled that "a trial judge not only has the power and authority to decline to receive a verdict of a jury containing conflicting findings, but that it is his duty upon discovering such conflict or conflicts to point them out and retire the jury for further consideration of their answers." Dallas Ry. & Terminal Co. v. Starling, 130 Texas 379, 382, 110 S. W. (2d) 557; A. B. C. Stores, Inc., v. Taylor, 136 Texas 89, 148 S. W. (2d) 392; St. Louis S. F. & T. Ry. Co. v. Kaylor, (Com. App.) 291 S. W. 216.

It was held further in the Starling case (supra) that when a jury after retiring had made proper request to be instructed by the court whether an affirmative answer to a designated issue and a negative answer to another issue would be con-

tradictory, it was not improper for the court to grant the request by bringing the jury into open court and reading and delivering to them a written charge advising them that such answers would not be contradictory. If the trial judge may thus point out to the jury that answers already made, or not yet made, are, or would be, conflicting, then in our opinion it is not reversible error for counsel in argument to warn the jury against making conflicting answers, provided of course the argument contains no statement or intimation as to the effect any answer would have upon the judgment to be rendered and is not of such nature or so made as to induce the jury to answer the issue otherwise than as they find the facts to be from the evidence. This ruling has been made in recent carefully considered decisions by three of the Courts of Civil Appeals. Texas Employers' Ins. Ass'n. v. Crosby, 123 S. W. (2d) 743; Yellow Cab Co. v. Underwood, 144 S. W. (2d) 291; Metropolitan Life Ins. Co. v. Butler, 149 S. W. (2d) 187.

We do not agree with the conclusion of the Court of Civil Appeals that there is reversible error in counsel's added statement that conflict in the findings would result in a mistrial. The reason for the condemnation of arguments that tell juries the effect of their answers to an issue or issues is thus stated in McFadden v. Hebert, 118 Texas 314, 323, 15 S. W. (2d) 213:

"Clearly, the prime object, purpose, and intent of the law for submitting cases on special issues is to remove the jury from any bias in favor of, or prejudice against, either party to the suit, to relieve them from the duty of directly passing on who shall prevail in the suit, and to make it the duty of the jury to answer each question truly as they find the facts to be from the evidence, without regard to what the result of their answers may be. If the court or the attorney, or anyone else, is allowed to tell the jury the legal result of the answers, and to appeal to them in argument to so frame their answers so as to accomplish a result rather than to answer the issues truly as they find the facts to be from the evidence, or if the jury is permitted to agree on the result, and then designedly form the answers to accomplish such result, the law providing for special issue verdicts would be an idle and vain thing."

In the McFadden case the argument was held to be error because it told the jury that "if they wanted to return a verdict in behalf of the palintiff" they should answer special issue No. 1 in the affirmative. Similarly, in Fidelity Union Casualty Co.

v. Cary, (Com. App.) 25 S. W. (2d) 302, and in the other cases cited by the Court of Civil Appeals and relied upon by appellant, the improper argument informed the jury of the effect an affirmative or negative answer to an issue or issues would have upon the judgment to be rendered. The vice in such argument is that it seeks and tends to induce the jury to answer issues in order to attain as a result a judgment for one of the parties rather than to answer the issues from the facts in evidence.

While mistrial may be the effect or the result of conflicting answers to issue, that result is not a judgment or an order in favor of one of the parties. It is a failure of the trial, the accomplishment of which could offer no appeal to any bias or prejudice that the jury might entertain. In our opinion, it cannot reasonably be concluded that the statement, which apparently was made as a warning against mistrial, would induce the jury to make conflicting answers in order to bring about a mistrial or would cause them to seek to avoid that result by answering otherwise than in accordance with the facts found from the evidence.

Both of the certified questions are anwsered "No."

Opinion adopted by the Supreme Court January 7, 1942.