TRADERS & GENERAL INSURANCE COMPANY V. H. B. CARLISLE.

No. 7843. Decided March 25, 1942.

(161 S. W., 2d Series, 484.)

524

*T. R. Boone,* of Wichita Falls, and *Lightfoot, Robertson & Gano,* of Fort Worth, for appellant.

On the right of the court to send the jury back for further deliberations on the grounds of conflict in their answers. Union Painless Dentists v. Guerra, 234 S. W. 688; Denison Cotton Mills Co. v. McAmis, 176 S. W. 621; Southern Underwriters v. Kelly, 110 S. W. (2d) 153.

*Bailey & Shaeffer* and *Geo. W. McHam,* all of Dallas, for appellee.

MR. JUDGE TAYLOR delivered the opinion of the Commission of Appeals, Section B.

Two questions arising in a workman's compensation case are certified for answer by the Fort Worth Court of Civil Appeals. The certificate points out that the jury answered two special issues (4 and 5) to the effect that plaintiff was totally and permanently disabled, and two others (8 and 9) that he was partially and permanently disabled; that when the verdict disclosing the conflict in answers was delivered to the trial judge, he gave them the following additional charge and returned them to the jury room to reconcile their conflicting answers:

"You have answered special issue No. 4 that the plaintiff has been totally incapacitated to labor, and you have answered special issue No. 5 that said total incapacity to labor is permanent; however, you have answered special issue No. 8 that plaintiff suffered a partial incapacity to labor and special issue No. 9 that said partial incapacity to labor is permanent.

"You are instructed that a person cannot be in law totally and partially incapacitated at the same time. If the plaintiff was totally and permanently incapacitated to labor he could not be partially incapacitated to any extent for any period of time. Stating it the other way (meaning the same thing), if the plaintiff was partially incapacitated to any extent for any period of time, he cannot be totally incapacitated for such period of time.

"The court does not desire to indicate how you shall answer the special issues, but only to point out the conflict in your answers; so, as stated in the main charge, you must answer the special issues as you find the facts to be and you are entirely free to make any answer to any special issue in the court's charge as you may find from a preponderance of the evidence, and you will return to your room and reconcile your answers."

The objections referred to in the certificate that were urged by appellant to the action of the trial judge in giving the additional charge are, that it is (a) on the weight of the evidence; and is (b) a general charge, not permissible in case submitted on special issues.

Special issue No. 8 is as follows:

"Do you find from a preponderance of the evidence that the plaintiff * * * has suffered or will suffer partial incapacity to labor, as a result of the injury, if any * * *?"

The objection urged by appellant in its assignment relating to the foregoing issue is that it is duplicitous.

The members of the court being unable to agree as to the disposition to be made of the assignments of error based upon the objections stated, certified the following questions:

"Question 1: Is the charge given by the trial court to the jury, when he sent the jury back to reconcile the conflicts found in their answers * * *subject to any one or all of the criticisms:

"(a) That it is on the weight of the evidence?

"(b) That it is a general charge, not permissible in this case, which was submitted on special issues?

"Question 2: Is issue No. 8, quoted above, subject to the criticism that same is duplicitous (multifarious)?"

For convenience in discussing the questions presented the following pertinent statutes are set out in full, all italics used herein being ours:

"Art. 2189: In all jury cases the court may submit said cause upon special issues without request of either party, and upon request of either party, shall submit the cause upon special issues raised by the pleadings and the evidence in the case. *Such special issues shall be submitted distinctly and separately. Each issue shall be answered by the jury separately. In submitting special issues the court shall submit such explanations and definitions of legal terms as shall be necessary to enable the jury to properly pass upon and render a verdict on such issues.* If the nature of the suit is such that it cannot be determined on the submission of special issues, the court may refuse the request to do so, but the action of the court in refusing may be reviewed on proper exception in the appellate court, and this article shall be construed in connection with the succeeding article."

"Art. 2198: After having retired, the jury may ask further instructions of the court touching any matter of law. For this purpose they shall appear before the judge in open court in a body and through their foreman state to the court, either verbally or in writing, the particular question of law upon which they desire further instruction; and the court shall give such instruction in writing, but no instruction shall be given except in conformity with the preceding rules *and only upon the particular question on which it is asked.*"

"Art. 2185: The charge shall be in writing, signed by the judge, filed with the clerk, and shall be a part of the record of the cause. It shall be prepared after the evidence has been concluded and shall be submitted to the respective parties or their attorneys for inspection, and a reasonable time given them in which to examine and present objections thereto, which objections shall in every instance be presented to the court before the charge is read to the jury, and all objections not so made and presented shall be considered as waived.

Failure of the Court to give reasonable time to the parties or their attorneys for examination of the charge shall be reviewable upon appeal upon proper exception. *The judge shall so frame his charge as to distinctly separate questions of law from questions of fact, and not therein comment on the weight of the evidence, and so as to instruct the jury as to the law arising on the facts; and shall only submit controverted questions of fact."*

If any part of the charge is upon the weight of the evidence it is directly condemned by the prohibition contained in article 2185 that "the judge shall so frame his charge as not to comment on the weight of the evidence." It appears from a mere reading of the charge that the trial judge was careful to make no comment touching, directly or indirectly, the weight of the evidence. No testimony was singled out favorable to one side or the other, and no opinion was expressed concerning the sufficiency, value or bearing of any of the testimony. Nor is anything said in the charge which indicates a preference on the part of the judge for either finding, *or that curtails the jury's function to weigh testimony*. In fact from the standpoint of fairness and impartiality, with respect to being free from comment on the weight of the evidence, the charge is a safe model. It offends in no wise against the statutory injunction invoked by appellant and is not subject to the criticism it was on the weight of the evidence.

■ It became the duty of the judge upon discovering the conflicting answers in the verdict before receiving it, to point out the conflict and return the jury to the jury room to reconcile the answers. Dallas Ry. & Ter. Co. v. Starling ( Com. App.), 130 Texas 379, 110 S. W. (2d) 557, citing with approval among other cases, Traders & General Ins. Co. v. Nunley (wr. ref.), 80 S. W. (2d) 303; Lowrance v. Kenworthy, 138 Texas 132, 157 S. W. (2d) 879, 10 TSCR 213, citing Tex. Employers' Ins. Ass'n. v. Crosby, 123 S. W. (2d) 743; Tex. Employers' Ins. Ass'n v. Fowler (wr. ref.), 140 S. W. (2d) 545; A. B. C. Stores, Inc. v. Taylor (per curiam), 136 Texas 89, 148 S. W. (2d) 392.

The power of the judge in such circumstances at the time of the trial of this case to exercise any authority to do more than receive the conflicting verdict and discharge the jury, is denied by appellant. It contends that in the absence of a statute expressly conferring such authority upon the trial judge

he had no right to take any action with a view to eliminating the conflict in the answers and procuring a verdict upon which judgment could be rendered.

In an effort to support its contention with respect to the lack of such authority appellant cites such statutes as article 2198, which provides the jury may ask for additional instructions; article 2207, which provides that if the verdict is informal or defective, the court may direct its reformation; or if not responsive, shall call the jurors' attention thereto and send them back for further deliberation; article 2185, which prohibits the judge from commenting in the charge upon the weight of the evidence; article 2202, requiring that the verdict be in writing and signed by the foreman; article 2197, which provides that the jury may in open court communicate with the judge; and article 2205, which provides that when the jury agree upon a verdict they shall be brought into open court and deliver same to the clerk, to be read aloud by him after it is stated an agreement has been reached. The writer of the tentative opinion accompanying the certificate is of opinion that the trial judge has authority in event the jury returns conflicting answers to call their attention to the conflict and send them back to the jury room for further deliberation, but that his authority should be held to extend no further in special issue cases,—in other words that no explanation of instructions already given is lawfully permissible.

■■ We are not in accord with this view. There is no statute among those cited by appellant which prohibits the judge in case of conflicting findings from taking such action within his discretion (and the statutory limitations enjoined upon him) as will serve the ends of justice. The limitation prescribed by article 2198 is that when the jury after retirement ask further instruction, no charge shall be given *except upon the particular point on which it asked*. It is stated in Blashfield's Instructions to Juries (2d ed.), Vol. 1, sec. 219, p. 514, that the wisdom of this statute, with even this limitation, is questionable; and is held in James A. Dick Co. v. Yanes (Civ. App.), 55 S. W. (2d) 600, a case in which the court refused to receive a verdict conflicting findings, that under this statute the trial court may "give the jury further instruction without any request therefor." Writ of error was refused in this case. In Randall's Instructions to Juries, Vol. 1, pp. 820-1, sec. 457, it is stated that "the general rule is that the court may, in the exercise of sound discretion, *either on its own motion or at the request*

*of the parties or the jury, * * * recall the jury, * * *, and give them additional instruction, * * *, to correct, * * * or to explain instructions already given,"* saying further in this connection that "this discretion of the court with regard to the giving of additional instructions is a large one, and it may supplement the original charge, whenever confident that the ends of justice will be served by doing so." It is further added that "in some cases it may be the duty of the court to give additional instructions * * * *to assist the jury to a better comprehension of instructions previously given,"* as was done in the present case. Blashfield, supra, sec. 219, in dealing with the subject of what further instructions are proper, and the extent of the trial judge's power with respect thereto after the jury has retired, says "the court may, of its own motion, recall them and give instructions," among others, *"explanatory of those already given * * *."* Furthermore the same statute (Art. 2185) that provides the judge shall "so frame his charge as to not therein comment on the weight of the evidence, makes it incumbent by express provision that he shall so frame it "as to instruct the jury as to the law arising on the facts." Nor is it material that he give such instruction when neither the jury nor the parties had requested additional instructions. Authorities, supra. Goode v. Ramey, 48 S. W. (2d) 719; Blashfield's Instructions to Juries, sec. 226. The trial judge in giving the jury in writing the explanation in question did no more than is enjoined upon him in general by that provision of article 2189 with respect to submitting "explanations and definitions of legal terms." See McFaddin v. Herbert (Com. App.), 118 Texas 314, 15 S. W. (2d) 213, for a statement in the language of the statute (2189) concerning the extent of the limitation imposed upon the trial judge in the matter of giving such explanations. His action in so doing in the present case was in no sense violative of either the mandate of article 2189 relating thereto, or the mandate of article 2185 "to so frame the charge as to instruct the jury as to the law arising on the facts." Nor was the charge complained of a general charge. It neither tells the jury the effect of its answers nor directs it to find for either party upon a stated hypothesis, as under a general charge such as is inhibited by the statute in special issue cases. Traders & General Ins. Co. v. Nunley (wr. ref.); Texas Employers' Ins. Co. v. Fowler (wr. ref.); Dallas Ry. & Ter. Co. v. Starling; Lawrence v. Kenworthy; Texas Employers' Ins. Ass'n v. Crosby;—all supra. The provision of new rule No. 295 which requires the trial court in event the verdict "contains conflicting findings" to call the jury's attention thereto "in writ-

ing," is no more than a crystallizing into rule form of what the courts have established as permissible in such contingency.

We conclude that the giving of the charge in question is not the result of a prohibited procedure. Question No. 1 is answered that the charge is not subject to the criticism either that it is on the weight of the evidence, or that it is a general charge not permissible in this, a special issue case.

■ The second question certified asks whether special issue No. 8, quoted above, inquiring whether or not plaintiff "has suffered or will suffer partial incapacity," is duplicitous. The same question was before this Court recently in Southern Underwriters v. Boswell, 138 Texas 255, 158 S. W. (2d) 280, and it was there held that no prejudicial error was committed by reason of the form of the question.

The case of Traders & General Insurance Co. v. Shelton (Texas Civ. App.), 130 S. W.. (2d) 903, relied on by defendant is not in point. It differs from the case here under consideration in that the special issue was there followed by this instruction: "If you find from a preponderance of the evidence that he (plaintiff) has not or will not suffer any partial incapacity, let your answer be 'No,' otherwise you will answer 'Yes'." In the present case the instruction given in connection with the issue was merely to answer the inquiry "Yes" or "No." No condition of any kind was imposed by the instruction. The Shelton case holds in effect that this instruction told the jury that if it found plaintiff had not suffered any partial incapacity up to the time of the trial, or if it found he would not suffer any partial incapacity after the trial, then, in either event, it should answer the question "No"; whereas defendant was entitled to have the jury left free to answer "Yes" in event it should find either that his incapacity had been partial prior to the trial or would become partial at any time after the trial. Defendant was thus deprived of a substantial right.

It is well settled that the imposition by the charge of any condition which results in taking away from a party to the suit a substantial right, constitutes reversible error. Texas Indemnity Ins. Co. v. Thibodeaux, 129 Texas 655, 106 S. W. (2d) 268; Wright v. Traders & General Ins. Co. (Com. App.), 132 Texas 172, 123 S. W. (2d) 314; Traders & General Ins. Co. v. Jenkins (Com. App.), 135 Texas 232, 141 S. W. (2d)

312; Southern Pine Lumber Co. v. King, 138 Texas 473, 161 S. W. (2d) 483. It appears from what has been stated that while the decision in the Shelton case is correct, it is not in point.

The opinion in the Boswell case, supra, sets at rest the second question certified. Its holding with respect to this question is briefly stated in the opinion as follows:

"It is true that the issue inquired as to whether there has been any partial disability prior to the trial, and also as to whether * * * there would be any partial disability in the future; but this was not a case in which the insurance company would have obtained an advantage by a favorable answer to one of the questions without a favorable answer to the other one also. * * * It is clear, therefore, that the insurance company suffered no injury from this method of submitting partial disability."

The Boswell case, rather than the Shelton, is controlling. Question No. 2 is therefore answered that issue No. 8 is not, under the facts contained in the certificate and accompanying record, subject to the criticism of multifariousness to the extent of requiring a reversal of the case.

Opinion adopted by the Supreme Court March 25, 1942.