CITY OF DALLAS, Appellant,

v.

Horace R. RIDDLE et al., Appellees.

No. 3452.

Court of Civil Appeals of Texas.

Eastland.

June 12, 1959.

Rehearing Denied July 10, 1959.

H. P. Kucera, City Atty., N. Alex Bickley and Charles C. Wells, Asst. City Attys., Dallas, for appellant.

Jonathan H. Allen, Dallas, for appellee Sallie C. Sharp.

McKool & Bader, Dallas, for appellees Horace R. Riddle and wife and Ernest C. Uselton and wife.

Yarborough, Yarborough & Johnson, Dallas, for appellees Virgie E. Pressnell and wife.

WALTER, Justice.

On a favorable verdict, Horace R. Riddle and wife, Ernest C. Uselton and wife, Virgie E. Pressnell and wife and Sallie C. Sharp recovered a judgment against the City of Dallas in a condemnation case. The City has predicated its appeal on eighteen points of error.

■■ Appellant's numerous points complaining about jury argument cannot be sustained because the alleged improper argument was not preserved by a bill of exceptions. Pritchett v. Highway Insurance Underwriters, Tex., 309 S.W.2d 46. Appellant's contention that it is entitled to a judgment based on the original answers made to certain special issues before the court informed the jury there was a conflict and instructed them to retire and attempt to reconcile such conflict cannot be sustained because the trial court not only has the authority, but it has a duty to call the jury's attention to conflicts. Rule 295, Rules of Civil Procedure; Dallas Ry. & Ter. Co. v. Starling, 130 Tex. 379, 110 S.W. 2d 557. "A verdict does not become an official act, that is, an act effective in law, until same has been received and accepted by the court." Lee v. Galbreath, Tex.Civ. App., 234 S.W.2d 91, 95.

■ We find no merit in appellant's contention that the court should have declared a mistrial after appellees' counsel informed the court that he had subpoenaed Jeff Proctor, who made an appraisal for the City of Dallas. He also informed the court that Mr. Proctor was present if the City wanted to use him. Appellant's counsel objected to such remark and asked the court to instruct the jury not to consider it for any purpose, and the court so instructed the jury. Witnesses had already testified that Proctor had been employed by the City to make an appraisal of the property in question and no objection was made to said testimony. If any prejudice resulted from such remark, we are of the opinion that it was removed by the instruction of the court. Our Supreme Court in the recent case of Younger Bros. Inc., v. Myers, 324 S.W.2d 546, 550, speaking through Judge Norvell, said: "* * * we are unwilling to accede to the proposition that juries pay little or no attention to the instructon of the trial judges."

■ The appellee Pressnell was asked, "It is obvious here, getting on the witness stand, you have a disability." Appellant objected to the question and asked the court to instruct the jury not to consider it and the court so instructed the jury. We find that appellant has failed to show this was error, and it was probably injured thereby.

■ Appellant's contention that the court erred in permitting appellees on cross-examination to interrogate its expert witness about fees charged for testifying in other condemnation cases for the Housing Authority of the City of Dallas is presented and briefed with a point on appellees' alleged improper argument about the money that had been paid to its expert witnesses. We cannot consider the point on argument because it was not preserved by a bill of exceptions. The cross-examination of a witness may extend to any matter relevant to the issues in the case. A party to a suit has the right to cross-examine an adverse witness in order to show interest, bias or prejudice to affect his credibility and a wide latitude is allowed in such matters. But, as said in Horton v. Houston & T. C. Ry. Co., 46 Tex.Civ.App. 639, 103 S.W. 467, 469 (Writ. Ref.), "The extent to which such examination should be prolonged was a matter largely in the discretion of the trial court." We hold the court did not abuse its discretion by permitting such cross-examination.

Appellant named one Ernest C. Uselton, a tenant, and Sallie C. Sharp, a lien holder, as defendants in its petition. During the course of the trial, the court refused to sustain the City's motion to dismiss Sallie C. Sharp. One check from Sharp to Uselton for $2,000 and one check for $250 were introduced in evidence with the notation on each check, "Loan for Station". Sharp was claiming an implied purchase money lien on the leasehold estate of Uselton. The court submitted the Sharp and Uselton interest together in one issue. We hold the court did not commit reversible error by denying appellant's motion to dismiss Sharp. Rule 434, R.C.P.

We find no merit in appellant's contention that the court erred in overruling its special exception to the pleadings and the testimony of Pressnell to the effect that he would have exercised his option to renew his lease. Pressnell's lease carried an option which gave him the privilege of renewing his lease. No complaint was made to the court's definition of "reasonable market value of the leasehold interest" and no point is made that the jury's award for this leasehold interest was excessive. The following authorities support the proposition that a jury may consider the tenant's right to renew a lease. United States v. Petty Motor Co., 327 U.S. 372, 66 S.Ct. 596, 90 L.Ed. 729; United States v. 425,031 Square Feet of Land, 3 Cir., 187 F.2d 798. Also see Marshall v. City of Amarillo, Tex.Civ.App., 302 S.W.2d 943.

Appellant's contention that it should have been permitted to ask the appellee Riddle if he had required any of his lessees to pay rent since the taking of his property by the City is without merit. The court refused to permit such answer and in perfecting its bill the City showed by the testimony of Riddle that since the condemnation he had collected no rent from his tenants and would not attempt to force them to pay rent.

The appellant's points that the court erred by permitting the witness Reynolds to testify about the value of the improvements on the subject property and in refusing to allow it to cross-examine an expert witness of appellees about the surrounding property that they considered noncomparable are without merit. We have considered all of appellant's points and we find that appellant has not shown that the errors of which it complains were reasonably calculated to cause or probably did cause the rendition of an improper judgment. Rule 434.

The judgment is affirmed.