**Wayland Keith BREWER, Appellant,**

v.

**Edna SCARBOROUGH, Appellee.**

**No. 4565.**

Court of Civil Appeals of Texas, Eastland.

July 28, 1972.

July 28, 1972.

Rehearing Denied Aug. 18, 1972.

Wagstaff, Harrell, Alvis, Erwin & Stubbeman (David G. Stubbeman), Abilene, for appellant.

Mays, Moore, Dickson & Roberts, Inc. (Aubrey L. Roberts, Jr.), Sweetwater, for appellee.

WALTER, Justice.

Wayland Keith Brewer was involved in an intersectional collision with a vehicle driven by Mrs. Edna Scarborough. The jury found that Brewer ran a red light, failed to keep a proper lookout, was driving too fast and that he failed to properly apply his brakes and that each of these acts was negligence and a proximate cause of the collision. The jury found that Mrs. Scarborough's car was damaged $570.00, found $880.00 for past pain and suffering,

$4,000.00 for future pain and suffering, $120.00 for lost earnings and $5,000.00 for lost earning capacity. The court rendered judgment against Brewer for $10,570.00 and he has appealed.

■ We find no merit in appellant's contention that the court erred in refusing to declare a mistrial after the appellee was asked on direct examination: "Q. Did he say anything to you about the accident? A. He asked me if I had insurance, and I asked him if he had insurance, and—". At the request of appellant's attorney, the court instructed the jury not to consider the answers for any purpose. If any error resulted from Mrs. Scarborough's answer, we are of the opinion that it was removed by the instruction of the Court. In City of Dallas v. Riddle, 325 S.W.2d 955, (Ct. of Civ.App.1959, writ ref. n. r. e.), the court said:

> "Our Supreme Court in the recent case of Younger Bros. Inc., v. Myers [159 Tex. 585], 324 S.W.2d 546, 550, speaking through Judge Norvell, said: '* * * we are unwilling to accede to the proposition that juries pay little or no attention to the instruction of the trial judges.'"

Also see Dennis v. Hulse, 362 S.W.2d 308, (Sup.Ct.1962).

■ The court did not err in refusing to give an instruction on unavoidable accident because Brewer did not plead it and the evidence failed to raise an issue on unavoidable accident.

■ Brewer's contention that the damages for future pain and suffering and for loss of future earning capacity are excessive is without merit and we find some facts and circumstances to support the verdict for such damages.

We have considered the entire record and find there is sufficient evidence to support the verdict for damages for future pain and suffering and loss of future earning capacity.

■ Appellant complains about the argument of appellee's counsel to the jury as follows:

"In his closing argument, Appellee's counsel, immediately following the argument concerning Dr. Richardson which is also a point in this appeal, stated as follows:

"And I wish *they* had seen fit to bring Dr. Bray over here and sat him down and let me pose a few questions to him instead of—

Well, I wish they had seen fit to bring him. They saw fit to ask him some questions.

But I want you to pay attention to what he said to their questions. I would have asked him, 'Say doctor, how about all that nerve medicine that you are prescribing that she takes five times a day?' That is one question I would ask him. And then I would say, 'Doctor, what do you mean indefinitely? Does that mean forever—like I think indefinitely means?' And I would say, 'Doctor, what is this six or eight months, and it has been nine—and you had an appointment with her today?' I would have a lot of questions I would like to ask Doctor Bray, this Defendant doctor. I would like to ask him several questions."

The appellant also complains about the following argument of appellee's counsel:

"First of all, let me remind you that this case was called to be tried on Wednesday. You will recall, Mr. Stubbeman apologized to you for not having his clients here when we started this thing. In fact, I was in Abilene and came back. But Doctor Richardson couldn't be here yesterday. He was in surgery this morning." and the record reveals the following:

"MR. STUBBEMAN: I object to that as going outside the testimony.

MR. ROBERTS: I have a right to explain why he was not here. I wish he were here.

MR. STUBBEMAN: They filed the lawsuit and had it set.

THE COURT: It is invited. Let's not go into it. The jury is bound by the evidence."

"Before a judgment is reversed because of argument of counsel two things must appear: the argument must be improper, and it must be such as to satisfy the reviewing court that it was reasonably calculated to cause and probably did cause the rendition of an improper judgment in the case." Aultman et al. v. Dallas Ry. & Ter. Co., 152 Tex. 509, 260 S.W.2d 596.

We have carefully considered the argument. We do not think the nature of the argument was such as was reasonably calculated to cause and probably did cause the rendition of an improper judgment. Otis Elevator Company v. Wood, 436 S.W.2d 324, (Sup.Ct.1968).

Appellant read into evidence from Mrs. Scarborough's deposition a number of questions and answers and when he read the following question: "And down about 10 pounds wouldn't necessarily be because of the accident?" the court sustained appellee's objection to the question and answer. If the court had not sustained the objection, the appellant would have read the following answer: "No. I don't think so on that." The appellant has cited no authorities in support of this point and we are unable to find any. It is overruled.

We have considered all of appellant's points and find no merit in them. They are overruled. The judgment is affirmed.