## S. W. MARCH ET AL. V. ZACH. WALKER, GUARDIAN.

1. STATUTE CONSTRUED.—Act of February 2, 1860, (Paschal's Dig., 15, 16,) authorizing "heirs * * * to sue for and recover damages where death * * * has been caused by wrongful act," &c.

2. SAME.—Section 30 of article 12 of Constitution of 1869, does not repeal the act of February 2, 1860.

3. DAMAGES FOR CAUSING DEATH BY WRONGFUL ACT.—The language of the statute, (Paschal's Dig., 16,) "damages proportioned to the injury resulting from such death," is the same as in the English statute, and it is well settled, that the damages given by such statutes are measured by the pecuniary injury to the respective parties entitled, including the loss of prospective advantage.

4. SAME.—The measure of damages is not the same as when a party himself sues for injuries received, and recovers compensation for physical and mental suffering.

5. SAME—WILLFUL ACT.—The Constitution of 1869 left the statute of February 2, 1860, in force; but in cases which were the result of willful act or omission, involving that degree of moral delinquency which, on settled legal principles, renders exemplary damages appropriate, it allowed to the husband, or widow and children, such damages, in addition to their pecuniary loss.

6. PLEADING.—In a suit by minor children for damages under said act, the objection that the petition failed to allege that there were no surviving parents or widow, is not available under a general exception to the petition.

7. LIMITATION—SUIT BY GUARDIAN.—A guardian of children may bring such suit under the act of February 2, 1860, although over three months had elapsed after the act or omission.

8. PROOF OF GUARDIANSHIP.—In an action by a guardian where guardianship is denied, the record not showing that any attention was called to the absence of proof of guardianship, and no assignment of errors pointing to the defect, this court will consider the plea as waived.

9. SPECIAL GUARDIAN.—The court calls attention to the absence of appointment of a special guardian of minors who are plaintiffs.

10. VERDICT.—That the jury, in the verdict for damages, failed to apportion the amount found among the several plaintiffs as allowed by the statute, (Paschal's Dig., 16,) in the absence of objection to such omission, is not ground for reversal of a judgment rendered upon it.

11. VERDICT.—It was not error to exclude from the jury a verdict of not guilty, rendered in the criminal prosecution for the same offense.

12. SELF-DEFENSE—EVIDENCE.—The law of self-defense is the same in civil as in criminal prosecutions, with the exception of the rule of evidence which, in a criminal cause, gives the defendant the benefit of a reasonable doubt. That doubt, however, is as to the facts,—not as to the extent of the right.

13. SAME.—The stage of the difficulty at which self-defense ceases, is just the same, whether the question be prosecuted civilly or criminally.

14. SELF-DEFENSE.—See testimony in which the court hold the issue to have been whether the killing was done after deceased had abandoned his attack, so as to make further resistance by shooting (the deceased was killed by a shot) unnecessary.

15. CHARGE OF COURT.—In absence of testimony showing that defendants provoked the difficulty, it was error to instruct the jury: "If you believe, from the evidence, that the defendants armed themselves with guns and pistols, with intent to take the life of Phillips; that they then provoked the difficulty to carry out said intent, and in the fight killed Phillips, then you cannot find that defendants acted in self-defense."

APPEAL from Rusk. Tried below before the Hon. M. D. Ector.

The pleadings and evidence are sufficiently set out in the opinion.

*Robertson & Herndon*, for appellants, discussed the facts and the authorities noticed in the opinion

*W. W. Morris*, also for appellants.

*N. G. Bagley* and *Jones, Bagley & Wynne*, for appellees.

GOULD, ASSOCIATE JUSTICE.— This suit was instituted by Zach. Walker, as guardian of Mary V. Phillips, and as next friend of William and John H. Phillips, minor children of Elijah L. Phillips, deceased, to recover of appellants March and Solomons damages, actual and punitory, for the alleged willful and malicious killing of their father, the said Elijah L., "their only surviving parent and protector, their mother having long since departed this life." In an amended petition, it is alleged that the killing was "by willful act."

The pleadings on the part of the defense consisted of a general exception to the petition; a special exception, on the ground that the statute did not authorize suit by any one else than an executor or administrator, after the lapse of three months; a special plea, denying that Zach. Walker was guardian of Mary Phillips; another special plea, alleging the acquittal of defendants on an indictment for murder, being the same matter; still another, setting up that the defendants acted in their own just self-defense; also, a plea of not guilty.

The court overruled the exceptions to the petition, and the case being submitted to the jury, the result was a verdict and judgment in favor of plaintiffs for $15,000 damages.

The court having overruled a motion for new trial, the defendants have brought the case here by appeal, and the errors assigned are so numerous, that it is not proposed to follow their order in the discussion.

The petition, as amended, was evidently framed with reference both to the act of February 2, 1860, and to the Constitution of 1869.   (Paschal's Dig., art. 15, *et seq.;* Const., art. 12, sec. 30.)

The statute, in case of the death of a person "caused by wrongful act, neglect, unskillfulness, or default," gives an action, to be brought within one year after the death, for the benefit of the surviving husband, wife, child or children, and parents of the person whose death shall have been so caused," and provides that it "may be brought by such entitled parties, or any one of them; and if said parties fail for three calendar months to institute suit, then it shall be the duty of the executor or administrator of the deceased, unless specially requested, by all of said parties entitled, not to prosecute the same.   And in every such action the jury may give such damages as they may think proportioned to the injury resulting from such death; and the amount so recovered shall be divided amongst the person or persons entitled under this act, or such of them as shall then be alive, in such shares as

the jury shall find and direct, and shall not be liable for the debts of the deceased."

The constitutional provision alluded to is as follows: "Every person, corporation, or company that may commit a homicide through willful act or omission, shall be responsible, in exemplary damages, to the surviving husband, widow, heirs of his or her body, or such of them as there may be, separately and consecutively, without regard to any criminal proceedings that may or may not be had in relation to the homicide."

The language of the statute, "damages proportioned to the injury resulting from such death," is the same as in the English statute, and it is well settled, that the damages given by such statutes are measured by the pecuniary injury to the respective parties entitled, including the loss of prospective advantage. The measure of damages is not the same as when a party himself sues for injuries received, and recovers compensation for physical and mental suffering. (Blake *v.* Midland Railway Co., 18 Adolph. & Ellis, 109, (83 E. C. L.); Serg. & R. on Neg., sec. 299; Field on Damages, sec. 630.) Whilst the wording of the Constitution is obscure, and its construction not free from difficulty, we are of opinion that it left the statute in force, but in cases which were the result of willful act or omission, involving that degree of moral delinquency which, on settled legal principles, renders exemplary damages appropriate, allowed to the husband or widow and children such damages, in addition to their pecuniary loss. We see no reason why the children of deceased should not recover in one action whatever they may be entitled to under both the statute and the Constitution.

The case of H. & T. Central Railway Co. *v.* Bradley, 45 Tex., 171, was one in which the cause of action accrued after the adoption of the Constitution of 1869–1870, yet the recovery under the statute was maintained. The decision in that case could not have been arrived at, had the court regarded the statute as repealed by the Constitution.

In that case, also, it was held that a guardian might sue, though over three months had elapsed after the act or omission complained of.

This disposes of all of the grounds of exception to the petition but one, viz., that the petition failed to allege that there were no surviving widow or parents. However it might have been, if this objection had been taken by special exception, we are of opinion that it was not available under a general exception. If the facts stated were true, the children of deceased had a good cause of action, and the exception was rightly overruled. If there was error in allowing, after a special plea denying the guardianship, a recovery, without proof of the guardian's authority, it was an error which was not pointed out in the motion for new trial, nor otherwise complained of in the court below; and under these circumstances it cannot now avail appellants. Indeed, the plea is so far kindred to a dilatory plea, that it may well be assumed that defendants had waived it, when there is nothing in the record to show that attention was called to it; especially when there is no assignment of error which sufficiently designates this point. And here it is proper to call attention to the fact that this suit is prosecuted on behalf of two of the children by their next friend, without any attempt to comply with the statute, which then contained, and now contains, provisions for the appointment of a special guardian to prosecute suits. (Paschal's Dig., art. 6969, et seq.; Gen. Laws of 1876, 187.)

No objection was made below, nor has any been urged here, bringing up the question as to the right to sue by next friend since these enactments. It is only designed to call attention to the subject.

It is assigned as error, that the verdict is general, and fails to find the share of each child in the damages assessed. The statute directs that the jury shall make such division. Evidently, the actual and prospective damage to children of different age or sex may vary greatly. The loss of a father

would affect more injuriously an infant daughter than it would a son approaching manhood, and able to care for himself. The jury might very properly direct the greater part of the amount recovered to be given to the one most needy and most injured. If either of the plaintiffs or defendants had asked that the jury be required to fix the share of each plaintiff, they would have been entitled to have it done. The statute prescribes it; and the failure to follow the statute in this respect may have led the jury to increase the gross amount of damages, with the view of securing an adequate amount to the youngest or most helpless of the children. But the record does not show that any objection of this sort was made below. The motion for new trial specifies no such ground. The error is not of that character which can avail the defendants, when we first find them calling attention to it in this court.

The court did not err in excluding the evidence offered to show an acquittal of defendants on a criminal prosecution for the same matter. This was a civil suit for damages, and, under the Constitution, was allowed, without regard to any criminal proceeding. The rule would be the same, if the Constitution were silent on the subject. (Phillips *v.* Kelly, 29 Ala., 635.)

But in this, as in every other case, it devolved on the plaintiff to establish his case, viz., that the killing was wrongful. If the evidence failed to show a wrongful killing, but, whilst establishing the act of killing, developed that it was done in the justifiable exercise of the right of self-defense, it is scarcely necessary to say that the verdict was wrong. The law of self-defense is the same as in a criminal prosecution, with the exception of the rule of evidence which, in a criminal cause, gives the defendant the benefit of a reasonable doubt. That doubt, however, is as to the facts,—not as to the extent of the right. The stage of the difficulty at which self-defense ceases is just the same, whether the question be investigated civilly or criminally. The evidence in this cause establishes

beyond question that the deceased and his brother Joel, armed with guns, feloniously assailed the defendants in the store-house of defendant March. No question is made but that this assault was of so deadly a nature as to justify the defendants in killing their assailants whilst persisting in the attack. The evidence of the plaintiffs shows that Elijah Phillips ran up to the store and tried to push the window-shutters open with the muzzle of his gun. There was firing on both sides; but the evidence of plaintiffs gives no clear account of the order or succession of the firing, and tends to the conclusion—contradicted, however, most positively by the evidence for the defense—that Elijah Phillips did not shoot. His brother Joel was shot down and killed whilst making this assault, and he himself turned and ran off, and was shot down as he got about thirty-five or forty yards from the store.

The charge of the court recognized the right of self-defense against a murderous assault as continuing until the party assailed was out of danger; but held, that if the killing was done when defendants were in no real or apparent danger, it was not in self-defense. Whether, at the time he was killed, Elijah Phillips had so plainly abandoned his attack, as to make further apprehension of immediate danger unreasonable, and further resistance, by shooting, unnecessary, was a question of fact for the jury. If their verdict was under a charge otherwise unobjectionable, and was evidently designed to find that the killing was unjustifiable, because done after the necessity had ceased, although the evidence may lead our minds to a different conclusion, we would not be justified in reversing the cause on that ground, unless the verdict was plainly wrong. We may think that the nature of the assault, and the place and circumstances, would justify a more liberal conclusion in behalf of the defendants, and we might still hesitate to say that the verdict was plainly wrong. But on looking at the charge of the court on another point, we are by no means satisfied that the jury may not have been led away from this issue.

The court instructed the jury as follows: " If you believe, from the evidence, that the defendants armed themselves with guns and pistols, with the intent to take the life of the said Elijah L. Phillips; that they then provoked the difficulty to carry out said intent, and in the fight killed the said Elijah L. Phillips, then you cannot find that defendants acted in self-defense."

Our opinion is, that there is no sufficient evidence tending to show that defendants intentionally provoked the difficulty to justify this charge. The tendency of this charge was to distract the attention of the jury from the real issue; and it may have been that the jury based their verdict on this branch of the case, although the evidence is so slight in its support that it seems scarcely probable. Under our view of the evidence, this charge should not have been given; and as it may have conduced to a verdict which, we think, under the evidence, might well have been different, our opinion is, that the defendants are entitled to another trial. (Ponton *v*. Ballard, 24 Tex., 621.)

The judgment is reversed and the cause remanded.

REVERSED AND REMANDED.