**PON LIP CHEW et al., Petitioners,**

**v.**

**Craig GILLILAND, Jr., Respondent.**

**No. A–10402.**

Supreme Court of Texas.

Nov. 17, 1965.

Rehearing Denied Feb. 2, 1966.

Fryer, Milstead & Luscombe, Wellington Y. Chew, El Paso, for Pon Lip Chew, one of petitioners.

Harris, Ball & Davis, Arlington, for Rio Grande Produce Co., petitioner.

Samuel K. Wasaff, Gerald B. Shifrin, El Paso, for respondent.

GREENHILL, Justice.

Pon Lip Chew alleged that he was bodily thrown off the loading platform of the Rio Grande Produce Company in El Paso by Craig Gilliland, Jr., president and general manager of the company. He suffered bodily injury including the fracturing of two vertebrae in his back, and brought suit against Gilliland and the company. The jury answered the special issues submitted to it, and returned its verdict into court. The trial judge, upon inspecting the answers, considered that there was a conflict in some of the jury's answers. So he instructed them to retire to further deliberate their verdict. The jury, upon retirement, changed its answers in certain respects. The result was a verdict and judgment for Pon Lip Chew for $35,824.90.

The El Paso Court of Civil Appeals was of the view that there was no irreconcilable conflict in the jury's original answers and that the trial court erred in sending the jury back into the jury room. It reversed the trial court's judgment; and instead of rendering judgment against Pon Lip Chew, it remanded the case for a new trial in the interest of justice. 381 S.W.2d 671.

To place the charge to the jury and the jury's answers in context, we briefly review the evidence. Pon Lip Chew was a 63-year-old American citizen. He was born in China and received a few years of education there. He spoke little English and some Spanish in addition to Chinese. He earned his living peddling vegetables out of a truck. He had been a regular customer of the Rio Grande Produce Company for many years. He purchased produce from that company almost every day, sometimes more than once a day. While the company sold by wholesale to many large customers including the U. S. government at its various establishments and posts including Fort Bliss, it also sold to over a hundred small customers such as Chew.

The produce company opened for business early in the morning. Mr. Gilliland testified that it set out boxes of its various fruits and vegetables for its buyers to look at. These boxes were intended for display purposes. He preferred that the customers not disturb these boxes, though it was not uncommon for buyers to handle and inspect the merchandise. If the purchaser wanted to buy any of the items, other merchandise of a similar character would be taken from a storage room for sale. The produce in the display box would be sold later in the day by the company, after the morning buyers had made their selections.

Chew had apparently irritated Gilliland and the company's salesmen by picking over the merchandise in the display boxes. They testified that they had repeatedly asked

Chew not to put the contents of the boxes on the floor.

At about 6 a. m. on the day in question, Chew had backed his truck up to one of the loading platforms of the produce company. He and several other customers were inspecting and buying or preparing to buy. One of the display boxes set out was of asparagus. Chew knelt in front of the box and was sorting the asparagus bundles. He had two stacks of them on the floor, apparently intending to purchase one stack. Gilliland, who was then 39 years of age and weighed about 240 pounds, upon thus seeing Chew, came up behind him and kicked him in the buttocks and told him to get off the platform. This large man seized the 63-year-old Chew, who weighed 135 pounds, by the back of his neck and the middle of his clothes and proceeded to march him off the platform. There was no testimony of previous ill-will between Chew and Gilliland. According to Gilliland and other employees of the company, Chew broke free and jumped off the platform. Gilliland admitted nudging Chew with his knee but denied throwing him off the platform. According to Chew and two other witnesses including the government purchaser for Fort Bliss, Gilliland threw Chew off the platform which was some five feet off the ground. The government purchaser said Chew looked like a dog who had been struck by a car —he tried to get up but could not.

When Chew did get up, he hailed a passing police car. The policeman apparently could not understand Chew; so he went to talk to Gilliland. Gilliland told the officer to take Chew away, that he didn't want to prefer any charges but that he did not want him around the place. He also wanted Chew's truck moved. The officer said that Chew would not move his truck; so he took Chew "downtown" to talk to the lieutenant. No charges were filed against Chew. The "defense of property" relied upon by Gilliland was his effort to stop Chew from disturbing or disrupting the produce display case of asparagus and from getting the vegetables dirty on the floor.

After the incident Chew spent approximately two months in the hospital. His bill was over $1,500. There was medical evidence that he had been permanently disabled. Two vertebrae in his back were fractured. There was also medical testimony that Chew's injuries were not so serious and were not permanent.

We now turn to the court's charge and the answers of the jury to determine whether the trial court erred in causing the jury to re-examine its answers because of conflicting findings. Included in the charge were the definitions and instructions set out below. The important definition is that of assault and battery. The court's charge read in part:

"To aid you in your consideration of the issues hereinafter submitted, the Court gives you the following explanations, instructions, and definitions.

"The use of any unlawful violence upon the person of another, with intent to injure, whatever be the means or degree of violence used, is an assault and battery. When an injury is caused by violence to the person, then intent to injure is presumed and it rests with the person inflicting the injury to show the accident or innocent intention.

"*Violence used to the person of another does not amount to an assault or battery when made by one to protect property under his care* and to prevent any intrusion upon the lawful possession of such property, *provided in so doing no more force is used than necessary under the attending circumstances.*" [Emphasis ours.]

Following these and other instructions were the following issues and answers thereto:

"1. Do you find * * * that * * * the Defendant, Craig Gilliland, Jr., did commit an assault and battery upon the Plaintiff, Pon Lip Chew?" Answer: Yes.

"12. Do you find * * * that at the time and place in question the Defendant, Craig Gilliland, Jr., was acting in defense of the property of the Rio Grande Produce Company?" Answer: Yes.

Issue No. 13 was conditioned upon an affirmative answer to Issue No. 12. It read:

"13. Do you find * * * that * * * Craig Gilliland, Jr., did not use more force than reasonably appeared to him to be necessary under the circumstances in defense of the property of the Rio Grande Produce Company, if you have found that he acted in such defense of such property." Answer: He did not use more force.

When the jury returned these answers, the trial court gave the jury these written instructions:

"Ladies & Gentlemen of the Jury:

"The Court cannot receive your verdict on account of a conflict of findings. Your answer to question No 1 conflicts with your answer to question No 12 & 13. You will therefore retire to the Jury room & deliberate further of your verdict."

The jury did retire. Upon reconsideration it left the answer to Issue No. 1 "yes"; i. e., that Gilliland did commit an assault and battery on Chew. It changed its answer to Issue No. 12 to "no," thus finding that Gilliland was *not* acting in defense of the property of Rio Grande Produce Company. Issue No. 13 was conditioned upon an affirmative answer to Issue No. 12; so the jury struck out its answer to No. 13 which had read: "He did not use more force [than was necessary to protect property]."

■ We are of the opinion that the answers as originally returned were in conflict and that the trial court did not err in sending the jury out to further deliberate upon its answers. Under the definition of assault and battery given to the jury, the jury was told that unlawful violence upon another would constitute an assault and battery. It was further told, however, that violence used upon the person of another does *not* amount to assault and battery *when made by one to protect property under his care, provided no more force is used than necessary*.

When the jury answered Issue No. 1 "yes," it necessarily found under the above definition of assault and battery that Gilliland *did* use unlawful violence upon Chew, and that Gilliland either (1) was *not* acting in defense of property, or (2) if he was defending property, he used more force than was necessary. Then in answers to No. 12 and No. 13, the jury found that Gilliland *was* acting in defense of property and did *not* use more force than was necessary. The answer to Issue No. 1 thus was in conflict with Issues No. 12 and No. 13.

The conflict in the verdict falls within the tests laid down by this Court in Little Rock Furniture Mfg. Co. v. Dunn, 148 Tex. 197, 222 S.W.2d 985 (1949). If Issue No. 1 is disregarded, and Issues No. 12 and No. 13 are considered [Gilliland was acting in defense of property and did not use excessive force], a judgment for defendant would be required. If Issues No. 12 and No. 13 are disregarded and Issue No. 1 considered [Gilliland committed an assault and battery upon Chew as that term was defined], a judgment would have been required for the plaintiff Chew.

Rule 295, Texas Rules of Civil Procedure, says in part: "If it [the verdict] contains conflicting findings, the court shall call the jury's attention thereto in writing and send them back for further deliberation." The trial court acted correctly under this Rule.

When the jury reconsidered its verdict, its answers were harmonious: Gilliland did commit an assault and battery upon Chew, and Gilliland was not acting in defense of property. With the questions thus answered, the intention of the jury was made clear.

The case most strongly relied upon by Gilliland (though not cited by the Court of Civil Appeals) is Howard v. Howard, 102 S.W.2d 473 (Tex.Civ.App.1937, writ refused). Assuming the soundness of that holding, it is not in conflict with this opinion. The issues in Howard do appear to be in conflict. The issues were: (1) the plaintiff did receive injuries [and these injuries were] as the result of an assault and battery committed by defendant, and (2) the defendant was acting in self-defense. The opinion of the Court of Civil Appeals in that case was not based on any lack of conflict in the issues but upon the duplicitous nature of Issue No. 1: that (1) plaintiff received injuries, and (2) the injuries were a result of an assault and battery. The court stated, "It [Issue No. 1] is, we think, manifestly duplicitous." The court interpreted this issue to mean that the jury really found (or meant to find) that plaintiff did receive injuries. It disregarded the second part of the issue as being descriptive of the occasion on which the injuries were received in view of the finding that defendant was acting in self-defense. In so holding, the court stated: " * * * where one finding is duplicitous, or ambiguous, and the other is definite and specific, a judgment may properly be entered thereon." It then concluded:

> "Under these circumstances, therefore, we think the trial court was authorized to reasonably construe the answer to special issue No. 1 as being the jury's conclusion that appellant had sustained injuries, which they were asked to find, and not as a finding that appellee was guilty of an unlawful assault and battery, of which latter issue they found him not guilty in the next question submitted to them. This construction reconciles the apparent conflict, and is, we think, a reasonable one."

Special Issue No. 1 in the case at bar is not duplicitous. It simply asks: "Do you find from a preponderance of the evidence that on or about the 10th day of May, 1961, the Defendant, Craig Gilliland, Jr., did commit an assault and battery upon the Plaintiff, Pon Lip Chew?"

■ Since we have held that the Court of Civil Appeals erred on the ground on which it reversed the trial court, we look to the brief of the prevailing party in the Court of Civil Appeals (Gilliland) to see if there are other grounds on which the judgment of the Court of Civil Appeals may be affirmed. Cloud v. Zellers, 158 Tex. 253, 309 S.W.2d 806 (1958).

■ Gilliland contends that he was entitled to an issue on whether the injuries, if any, to Chew were inflicted in whole or in part by the police officer or officers who put Chew into the police car and took him to the police station. Gilliland's counsel requested such an issue, and it was refused by the trial court. Assuming without deciding that there was evidence to raise the issue, the point is not preserved. The requested special issue was one of a series of requested issues, all tied together. The request began with a long discussion or instruction to the jury dealing, among other things, with the right to eject trespassers. The record in this case does not raise an issue of trespass by Chew. Moreover this issue [called requested issue No. 6] is conditioned upon an affirmative finding of other special issues which were not given and which are not before us. The point is overruled. Isenhower v. Bell, 365 S.W.2d 354 (Tex.Sup.1963).

■ Gilliland contends that the trial court should have granted a mistrial because of the instruction which the court gave the jury in sending it back to reconsider its verdict. It is contended that the instructions informed the jury of the effect of their answers and constituted an improper comment. The court's instruction, set out above in full, was that the court could not receive the verdict because the answer to Issue No. 1 conflicted with the answers to 12 and 13; and it was requested to retire and deliberate further. The trial court acted correctly under the circum-

stances. Dallas Ry. & Terminal Co. v. Starling, 130 Tex. 379, 110 S.W.2d 557 (1937); Meadolake Foods v. Estes, 218 S.W.2d 862, 870 (Tex.Civ.App.1948, writ refused, n. r. e., with per curiam opinion, 219 S.W.2d 441); Rule 295, Texas Rules of Civil Procedure.

Gilliland has several points of error contending that there was no evidence to support certain jury findings, that other matters were established as a matter of law, and that the trial court erred in not granting his motion for judgment notwithstanding the verdict. We have read the entire Statement of Facts and disagree with these contentions. The points are overruled.

We have examined Gilliland's other points, and they, too, are overruled with the exception of the point discussed below.

■■■ Gilliland's Point 15 in the Court of Civil Appeals was that the amount of the verdict was excessive. The particular items complained of are set out in the point. The point was raised in Gilliland's motion for new trial and was properly before the Court of Civil Appeals. The question of whether the amount of damages awarded in the trial court is excessive is a question of fact over which this Court has no jurisdiction. The Court of Civil Appeals did not rule upon this point in view of its disposition of the case on other grounds. The question of excessiveness is within the jurisdiction of the Court of Civil Appeals. City of Austin v. Daniels, 160 Tex. 628, 335 S.W.2d 753, 81 A.L.R.2d 1180 (1960); Dallas Ry. & Terminal Co. v. Farnsworth, 148 Tex. 584, 227 S.W.2d 1017 (1950); James P. Hart, "The Appellate Jurisdiction of the Supreme Court," Appellate Procedure in Texas (1964), page 20–4, § 20.2.

The judgment of the Court of Civil Appeals is reversed and the cause is remanded to the Court of Civil Appeals for the purpose of having that court pass upon the excessiveness of the verdict. If that court determines that the amount of the verdict is excessive, it shall enter judgment in accordance with the procedure set out in Rule 440, Texas Rules of Civil Procedure. If it determines that the amount of the verdict is not excessive, it shall render a judgment affirming the judgment of the trial court.

GRIFFIN and HAMILTON, JJ., dissent.

HAMILTON, Justice (dissenting).

I respectfully dissent.

In reconciling the apparent conflict in the answer to question No. 1 with answers to Questions 12 and 13 the Court of Civil Appeals said:

"It seems readily conceivable that while the jury, by its answer to Special Issue No. 1, found that there was an assault and battery, in its generally accepted meaning, committed by Gilliland upon Chew, it was not an *actionable* assault and battery because of the defensive elements found by the jury to have been existent by their answers to Special Issues 12 and 13."

The effect of this holding is to say that even though the jury finds in answer to the issue No. 1 that the acts of violence committed by Gilliland upon the person of Chew amounted to an assault and battery, an express and specific finding by the jury that Gilliland while committing those acts was acting in defense of property without the use of more force than was necessary does not present an irreconcilable conflict which would prevent a judgment being entered for Gilliland on the verdict. This holding of the Court of Civil Appeals is supported by the case of Howard v. Howard, 102 S.W.2d 473, by the Austin Court of Civil Appeals, (1937), which holding this Court approved by refusing the writ of error. The question involved in said case is very closely in point with the question involved in this case, as I here now point out.

Two issues involved in said case and the jury's answers thereto were as follows:

1. "Do you find from a preponderance of the evidence that the plaintiff, Travis Howard, sustained an injury or injuries as the result of an assault and battery, if any, made upon him, the said Travis Howard, by the defendant, Eugene Howard?

"To which the jury answered, 'Yes.' "

2. "Do you find from a preponderance of the evidence that such injury or injuries, if any you have found, were inflicted by the defendant, Eugene Howard, upon the plaintiff, Travis Howard, while the said Eugene Howard was not acting in self-defense?

"To which the jury answered: 'Defendant was acting in self-defense.' "

The court in its charge defined the terms assault, assault and battery, self-defense and other terms not material here. In holding that the answers to these two issues were not in conflict and that judgment was correctly entered for the defendant the court said:

"The jury apparently, in view of their answer to special issue No. 2, treated the term assault and battery as merely descriptive of the altercation involved, * * *. But issue No. 2, which submitted the element determinative of whether or not an assault and battery in violation of law had been committed, and the jury's answer thereto, was an express and specific finding against the appellant on that issue which barred any recovery by him. That being true, we think the trial court properly reconciled these apparently inconsistent findings of the jury, and rendered a proper judgment on the clear, definite, and unambiguous finding in answer to issue No. 2.

\* \* \* \* \* \*

"As stated, it was incumbent upon appellant to show that he sustained injuries as the result of his altercation with appellee; and, further, that such injuries were the result of an unlawful attack upon him. Both of these matters were included within special issue No. 1 [assault and battery issue]. In answer to the following issue No. 2 [the self-defense issue], the jury found that there was no assault and battery in legal contemplation. Under these circumstances, therefore, we think the trial court was authorized to reasonably construe the answer to special issue No. 1 as being the jury's conclusion that appellant had sustained injuries, which they were asked to find, and not as a finding that appellee was guilty of an unlawful assault and battery, of which latter issue they found him not guilty in the next question submitted to them. \* \* \*"

It is apparent that the holding of the court is based on the premise that the issue on assault and battery is a general finding and in view of the subsequent finding of the jury in answer to the specific issue of self-defense, the jury was not passing upon the self-defense issue when it answered the issue on assault and battery. However, the Austin Court of Civil Appeals in making such a holding explicitly recognized the rule that where findings of the jury are in irreconcilable conflict they nullify each other and no judgment can be entered thereon. This court later specifically recognized the same rule in Little Rock Furniture Co. v. Dunn, 148 Tex. 197, 222 S.W.2d 985.

However, this court also recognizes the general rule that it is the duty of the courts to construe verdicts as not being irreconcilably conflicting when there is any reasonable explanation of the seeming conflict. Ford v. Carpenter, 147 Tex. 447, 216 S.W.2d 558; Texas & Pacific Railway Co. v. Snider, 159 Tex. 380, 321 S.W.2d 280.

The question before us is controlled by Howard v. Howard, supra. The only difference in that case and the instant case is that the defense in the Howard case was that of self-defense while here respondent's defensive theory was his defense of property. Art. 1142 of the Vernon's Ann.Texas Penal Code provides that violence used upon the person of another does not amount to an assault and battery when one acts in defense of property or in defense of his own person without using more force than is reasonably necessary.

In harmony with the holding of the Howard case is the case of Redmon v. Caple, 159 S.W.2d 210, (Tex.Civ.App.), writ dismissed, w. o. m. There the jury found that the action of defendant in firing a shotgun constituted an assault upon the plaintiff which was the proximate cause of plaintiff's injury and further found that defendant fired to prevent or interrupt an intrusion upon lawful possession of defendant's property. The Court of Civil Appeals held that judgment was properly entered upon the verdict for the defendant. See also Dixon v. Samartino, 163 S.W.2d 739, (Tex.Civ.App.), writ dismissed w. o. m.

In the case before us petitioner Chew alleged that respondent Gilliland committed certain violent acts against the petitioner's person which amounted to an unwarranted and unreasonable assault and battery. Respondent Gilliland in his pleadings admitted such intentional use of violence on the person of Chew as would, standing alone, amount to assault and battery as a matter of law. The respondent further alleged and offered evidence in support thereof that in using such violence he did it in protection of the property of Rio Grande Produce Company and that in so acting he did not use more force than was necessary. The record reflects that in the trial of this case the principal controversy was not whether Gilliland committed acts which could constitute assault and battery upon the petitioner Chew, but was whether or not Gilliland in committing such acts of violence used more force than was necessary in protecting property of the Rio Grande Produce Company. I think it is a reasonable conclusion that the jury in answering issue No. 1 on assault and battery was not considering the defensive issues which were submitted as issues Nos. 12 and 13.

In distinguishing the Howard case from the instant case this court says that the opinion of the Court of Civil Appeals was not based on any lack of conflict in the issues but upon the duplicitous nature of issue No. 1 (which is set out above). Then the court quoted the said Court of Civil Appeals " * * * where one finding is duplicitous, or ambiguous, and the other is definite and specific, a judgment may properly be entered thereon." When the whole sentence from which this court quotes is considered it is found that it is not only when one finding is duplicitous and another is definite and specific, the specific controls over the duplicitous finding, but also where one finding is general and the other is specific, the specific finding controls over the general. The complete sentence is here quoted:

"But it is also a settled rule that where such apparent conflict can be reasonably reconciled; or where one finding is *general* and the other specific; or *even* where one finding is duplicitous, or ambiguous, and the other is definite and specific, a judgment may properly be entered thereon." (Emphasis added.)

It is true that issue No. 1 in the instant case is not duplicitous, but it is general. In view of the instructions and definitions given by the court, the jury in answering issue No. 1 on assault and battery in this case was required to answer five different issues: (1) Did Gilliland use force upon the person of Pon Lip Chew? (2) Was the force unlawful? (3) Was it used with intent to injure? (4) Was such force used in the defense of property? (5) Was more force used than was reasonably necessary

under the circumstances? Strictly speaking, the whole lawsuit was tied up in this one general issue except as to damages. Whether or not this case is decided upon a reconciling of an apparent conflict or upon the basis that a specific finding controls over a general finding, the Howard case is authority for the holding of the Court of Civil Appeals in this case.

I would affirm the judgment of the Court of Civil Appeals remanding the cause.

GRIFFIN, J., joins in this dissent.