**James R. NORRIS, Jr., Appellant,**

v.

**Ron BRANHAM, d/b/a Tiffany Palace, and Mike Brown, Appellees.**

**No. 6633.**

Court of Civil Appeals of Texas, El Paso.

Oct. 19, 1977.

Rehearing Denied Nov. 16, 1977.

Smith, Guajardo, Smith & Floyd, Art G. Smith, San Antonio, for appellant.

Anthony J. Ferro, House, Mercer, House, Brock & Wilson, C. G. House, San Antonio, for appellees.

## OPINION

STEPHEN F. PRESLAR, Chief Justice.

This is a civil action for damages resulting from an assault and battery. The question presented is whether there is a fatal conflict between an issue finding that an assault and battery was committed by the Defendant, Mike Brown, and one finding that he acted in self-defense. The trial Court overruled the contention that there was a conflict and entered judgment for the Defendants/Appellees. We affirm.

[1] Appellant sued the Appellees for an assault committed upon him by one of the Appellees in the place of business of the other which resulted in the loss of sight in one eye. Special issues Nos. 1 and 2 submitted to the jury and their answers thereto are as follows:

"QUESTION NO. 1

"Do you find from a preponderance of the evidence that the Defendant, MIKE BROWN, committed an Assault and Battery upon the Plaintiff, JAMES NORRIS?"

To which the jury answered "Yes."

"QUESTION NO. 2

"Do you find from a preponderance of the evidence that on the occasion in question MIKE BROWN was acting in self-defense, as that term is herein defined?"

To which the jury answered "Yes he was." Appellant contends that these two issues are in conflict and preclude the entry of judgment for the Defendants/Appellees. He cites and relies on the test laid down in

*Little Rock Furniture Mfg. Co. v. Dunn,* 148 Tex. 197, 222 S.W.2d 985 (1949). To determine whether there is a fatal conflict, the Court said:

"* * * the Court must consider each of the answers claimed to be in conflict, disregarding the alleged conflicting answer but taking into consideration all of the rest of the verdict, and if, so considered, one of the answers would require a judgment in favor of the plaintiff and the other would require a judgment in favor of the defendant, then the answers are fatally in conflict. * * *"

Appellant urges that where the jury answered Question No. 1 "Yes" that an assault and battery was committed upon the Plaintiff, and answered Question No. 2 "Yes" that the Defendant was acting in self-defense, such answers present an irreconcilable conflict upon which a verdict cannot be entered. We are of the opinion that there is no conflict because Question No. 2 is in law an excuse or justification under the new Penal Code which became effective in 1974; therefore the assault is not unlawful or tortious where the defendant is acting in self-defense. Tex.Penal Code Ann. Secs. 9.31 and 22.01.

As stated by the San Antonio Court of Civil Appeals in *Foster v. H. E. Butt Grocery Co.,* 548 S.W.2d 769 (1977, writ ref'd n.r.e.):

"It is settled law that, with the exception of the rule of evidence which gives a person accused of a crime the benefit of a reasonable doubt, the law of self-defense is the same in both civil and criminal cases. *Fambrough v. Wagley,* 140 Tex. 577, 169 S.W.2d 478 (1943); *March v. Walker,* 48 Tex. 372 (1877). Clearly, a defendant charged with an assault under Sec. 22.01 would be entitled to an instruction embracing the element of self-defense as defined under Sec. 9.31 where the evidence raises such issue. Thus, if the defendant was acting in self-defense, the assault would not be unlawful. * *"

"Unlawful" is defined by statute:

" 'Unlawful' means criminal or tortious or both and includes what would be crimi-

nal or tortious but for a defense not amounting to justification or privilege." Tex.Penal Code Ann. Sec. 1.07(a)(36).

That definition recognizes the defense of justification. Section 22.01 of the Texas Penal Code is entitled "Assault" and among other things it provides that a person commits an offense if he intentionally, knowingly or recklessly causes bodily injury to another. Section 9.31 of the Penal Code is entitled "Self-Defense" and in part provides:

> "(a) Except as provided in Subsection (b) of this section, a person is justified in using force against another when and to the degree he reasonably believes the force is immediately necessary to protect himself against the other's use or attempted use of unlawful force."

The plea of self-defense then is one of justification. It is based on a different set of facts from those establishing assault. As an affirmative defense it is considered as acknowledging the existence of prima facie liability but asserting a proposition which, if established, avoids such liability. *Moulton v. Alamo Ambulance Service, Inc.,* 414 S.W.2d 444 (Tex.1967). Rather than being in conflict with the finding of assault, the plea of self-defense admits it but asserts the existence of other facts which justify or excuse it.

■ Appellant relies heavily on the case of *Pon Lip Chew v. Gilliland,* 398 S.W.2d 98 (Tex.1965). The Court there held that there was an irreconcilable conflict between jury findings on a special issue that the defendant had committed an assault on the plaintiff, and one that the defendant was acting in defense of his employer's property. Long before that case, the opposite conclusion was reached by a holding that there was no conflict between the finding of assault and one of self-defense. *Howard v. Howard,* 102 S.W.2d 473 (Tex.Civ.App.—Austin 1937). The holding in that case was approved by the Supreme Court by its notation "writ refused." So far as the issue of conflict is concerned, there can be no distinction between the issue of self-defense and defense of property, so *Pon Lip Chew*

must stand as the Supreme Court's latest expression. However, that case was decided in 1965 and since then the Legislature has spoken in enacting the Penal Code effective January 1, 1974. We are of the opinion that the correct construction of this case is controlled by those provisions of the Penal Code above discussed. The general rule is that it is the duty of the Courts to construe verdicts as not being irreconcilably conflicting when there is any reasonable explanation of the seeming conflict. *Ford v. Carpenter,* 147 Tex. 447, 216 S.W.2d 558 (1949). We meet that duty by following the law of the Penal Code to resolve any conflict.

The judgment of the trial Court is affirmed.

OSBORN, Justice, concurring.

I concur. I do so on the basis of the instructions and definitions given in connection with the special issues in this case and upon the belief that the issue of self-defense is in the nature of an inferential rebuttal issue. In connection with the issues submitted to the jury, the trial Court in this case instructed them as to the relevant terms as follows:

> " 'Assault' means any attempt to commit a battery, or any threatening gesture showing in itself or by words accompanying it, an immediate intention, coupled with an ability to commit a battery.
>
> " 'Battery' means the least touching of another person willfully and in anger, by the use of any part of the body of the party committing the offense. A person commits a battery when he uses any unlawful violence to the person of another with intent to injure him, whatever be the means or degree of violence used.
>
> "You are instructed that the term 'self-defense' means that when a person is attacked, or threatened with an attack by another, the law excuses or justifies such person so attacked in resorting to any reasonable means at his command to prevent his receipt of assault and battery, and it is not necessary that there should be actual danger, as a person has a right

to defend his person from apparent danger as fully and to the same extent as he would had the danger been real, provided he acts upon a reasonable apprehension of danger as it appeared to him from his standpoint at the time."

In *Foster v. H. E. Butt Grocery Co., supra,* Chief Justice Barrow recognized self-defense as an inferential rebuttal issue. In his opinion he said:

"* * * if the evidence raises an issue of justification, such as self-defense, the plaintiff has the burden of proof to overcome the evidence of self-defense. Otherwise, plaintiff fails to prove his cause of action * * *."

In this case, if the Plaintiff had the burden to overcome the evidence of self-defense, he has not established a prima facie case by the jury's answer to special issue No. 1 because under the definitions of assault and battery, the jury was not required to consider the issue of justification in answering special issue No. 1. Furthermore, there is no irreconcilable conflict because issue No. 1 does not establish the Plaintiff's right to a judgment as opposed to the jury's answer to special issue No. 2 which does establish the Defendant's right to a judgment. Since there was no irreconcilable conflict under the test established in the *Dunn* case, the Appellee was entitled to judgment based upon the jury's answer to Question No. 2.

Since the holding in *Yarborough v. Berner,* 467 S.W.2d 188 (Tex.1971), which prohibits inferential rebuttal issues, it appears that in an assault and battery case the Court normally should not fragment the issues into two questions as was done in this case, but should submit one issue inquiring whether or not an assault and battery was committed and then, as suggested by Chief Justice Barrow in the *Foster* case, have the definition of assault embrace the element of self-defense, and if the defendant was acting in self-defense, the assault would not be unlawful. In such instance, the one answer by the jury would avoid any possible conflict. Illustrative of the type of issue and instruction which may be used is the one appearing in *Grieger v. Vega,* 153 Tex. 498, 271 S.W.2d 85 (1954).

## ON MOTION FOR REHEARING

WARD, Justice, dissenting.

I now respectfully dissent. No amount of rationalization or worthy suggestion of what the trial Court should have done can void the conflict as exists in the present verdict. The jury first determined that the Defendant, Brown, committed an assault and battery upon the Plaintiff and an assault and battery was defined as the use of any unlawful violence to the person of another. The jury next determined that Brown was acting in self-defense and self-defense was defined in the usual manner of excuse or justification for what would otherwise be unlawful violence. The majority opinion is in conflict with *Pon Lip Chew v. Gilliland, supra,* and until the Supreme Court determines the issue to the contrary, it should be followed. The cause should be reversed and remanded.