# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-20737

United States Court of Appeals
Fifth Circuit

**FILED**

November 23, 2015

Lyle W. Cayce
Clerk

RICHARD C. KING,

      Plaintiff - Appellant

v.

PATTI LABELLE, also known as Patricia Edwards; ZURI KYE EDWARDS; EFREN HOLMES; NORMA HARRIS; PATTONIUM, INCORPORATED,

      Defendants - Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:11-CV-2396

Before JOLLY, HAYNES, and COSTA, Circuit Judges.

PER CURIAM:[*]

A jury returned a defense verdict in a civil assault case. Plaintiff Richard King argues that two jury instructions were erroneous and that a new trial should have been granted with respect to one of the defendants on evidentiary grounds. Finding that the district court did not abuse its discretion in its treatment of these issues, we AFFIRM.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-20737

## I.

The altercation took place at Bush Intercontinental Airport in Houston. King was a West Point cadet returning home for spring break. The three defendants were traveling with singer Patti LaBelle to a performance at a Louisiana casino.[1] Because King was severely intoxicated that night and suffered a head injury in the incident, he has no memory of the event. The defendants testified that King was visibly drunk; tried to enter LaBelle's limousine in the minutes leading up to the altercation; called LaBelle a derogatory, racial name; and then punched Edwards in the face after Edwards told King to stop. Holmes and Harris testified that they intervened to push King back, away from Edwards. King argues that surveillance video conclusively discredits the defendants' testimony and shows that Edwards threw the first punch, after which Holmes and Harris repeatedly punched and pushed King, knocking his head into a cement pillar.

King sued the defendants for assault, among other claims, and Edwards asserted a counterclaim for assault. On King's claims, the jury found that Edwards and Holmes assaulted him, but that that assault was justified by both defense of self and others. The jury found that Harris did not assault King. As for the counterclaim, the jury found that King assaulted Edwards, but awarded no damages for that act.

King filed a Rule 59 motion for a new trial, challenging two jury instructions and contending that the jury acted against the weight of the evidence in finding that Norma Harris did not commit assault. The district court denied the motion.

---

[1] Holmes was LaBelle's bodyguard. Edwards was her son and manager. Norma Harris was her hairdresser and assistant. LaBelle was named as a defendant but later dismissed from the suit.

No. 14-20737

II.

We review for abuse of discretion both challenges to jury instructions and the denial of a motion for new trial on evidentiary grounds. *Battle v. Mem'l Hosp. at Gulfport*, 228 F.3d 544, 555 (5th Cir. 2000) (internal citation omitted) (jury instructions); *Dresser-Rand Co. v. Virtual Automation, Inc.*, 361 F.3d 831, 839 (5th Cir. 2004) (motions for new trial based on argument that verdict was against great weight of the evidence).

King first argues that, under Texas law, a defendant is entitled to a self-defense or defense of third person instruction only if he admits committing the underlying assault. Even assuming Texas law governs the form of the jury charge in this diversity case, we read its case law differently. The civil cases King cites permit the very structure to which he objects—a question on whether there was an assault and, if the answer to that question is "yes," a separate question on whether the assault was justified. *See Gibbins v. Berlin*, 162 S.W.3d 335, 340–41 (Tex. App. 2005) (holding that best practice is to include separate questions on assault and self-defense); *Norris v. Branham*, 557 S.W.2d 816, 817–18 (Tex. Civ. App. 1977) (holding that a "yes" answer on both a question of assault and a question of self-defense did not conflict). King cannot point to—and we cannot find—any cases in which a court has found error in giving the separate instructions as the district court did.

King also challenges an instruction the district court gave allowing the jury to presume the reasonableness of a defendant's belief that force was necessary if "the defendant knew or had reason to believe that King unlawfully and with force entered, or was attempting to enter, the defendant's occupied vehicle."[2] King contends his alleged attempt to enter the limousine was not

---

[2] The presumption also required findings that the defendant did not provoke King and was not otherwise engaged in criminal activity.

3

No. 14-20737

close enough in time to the fight to warrant the instruction. But the presumption language, which is a correct statement of Texas law (Tex. Penal Code § 9.31(a)), was implicated only if the jury found that the defendant knew or had reason to know that King entered with force or was attempting to enter the vehicle. We see no abuse of discretion in leaving that factual determination to the jury and then accurately instructing the jury on the legal consequences of its potential finding.

King also contends that the verdict finding that Norma Harris did not assault him was against the great weight of the evidence because Harris admitted to "pushing" King. He argues that the video shows that her push caused King's head to hit the cement pole. King is unable to meet the high standard needed to overturn a district court's determination that a verdict was not against the great weight of evidence. *Wellogix, Inc. v. Accenture, L.L.P.*, 716 F.3d 867, 881 (5th Cir. 2013) ("The district court abuses its discretion by denying a new trial only when there is an absolute absence of evidence to support the jury's verdict.") (internal citation and quotation omitted). Physical contact alone, including pushing, does not automatically constitute assault under Texas law. The defendant must either cause bodily injury, or know or have reason to know that the victim would regard the contact as offensive or provocative. Tex. Penal Code § 22.01(a). The district court explained that the jury could have concluded that Harris's pushing Edwards did not result in bodily injury and would not necessarily be regarded as offensive within the context of the altercation.

In his brief, King also challenged the sufficiency of the evidence to support the jury's finding that Holmes and Edwards acted in defense of themselves and others. But no Rule 50 motion for judgment as a matter of law was made in the trial court. King's counsel seemed to concede at oral argument that these arguments are foreclosed. Indeed, unless a Rule 50(b) motion is

4

No. 14-20737

made to allow the trial judge the first opportunity to review the evidentiary support for a verdict, "an appellate court is 'powerless' to review the sufficiency of the evidence after trial." *Ortiz v. Jordan*, 562 U.S. 180, 189 (2011) (quoting *Unitherm Food Sys., Inc. v. Swift–Eckrich, Inc.*, 546 U.S. 394, 405 (2006)).

We therefore find no error that warrants disrupting the jury's verdict. The judgment is AFFIRMED.